### MARYLAND CASUALTY CO.
### v.
### WILKERSON et al.
### No. 6721.

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 14, 1954.
Decided Jan. 30, 1954.

Ernest G. Garrett, Jr., Richmond, Va. (John G. May, Jr., Richmond, Va., on the brief), for appellant.

J. Segar Gravatt, Blackstone, Va., and Robert K. Brock, Farmville, Va., for appellees.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment for plaintiffs on an automobile liability insurance policy issued to one Dowdy pursuant to the provisions of section 492 of ch. 46 of the Code of Virginia of 1950. That section requires that insurance be carried by the owner of an automobile providing minimum liability for any one accident of $5,000 for injuries to one person, $10,000 for injuries to two or more persons and $1,000 property damage. Section 498(6) of ch. 46 provides that no violation of the terms of the policy by the insured "shall operate to defeat or avoid the policy so as to bar recovery within the limits provided in this chapter." The policy issued to Dowdy was in the standard form and contained a provision that the company would pay "all interest accruing after entry of judgment until the company has paid, tendered or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon".

Dowdy's automobile was in a collision in which three persons were injured. They sued him and recovered judgments aggregating around $47,000. Dowdy failed to notify the company to defend these suits in accordance with the provisions of the policy with the result that the company is liable only because of the provisions of section 498(6) of ch. 46 of the Code and within the limits there specified. The three persons who sued the insured have sued the company in the case now before us; and the company while admitting liability for $11,000 for personal injury and property damage with interest thereon and costs, denies any further liability. Plaintiffs contend that the company is liable, under the language of the policy above quoted, for all interest on the judgments in their behalf from the time that they were rendered until the company paid into court the amount of its admitted liability. The District Judge so held and the company has appealed from his holding. The only question involved in the appeal is the amount of interest for which the company is liable between the entry of the judgment and the company's payment into court of its admitted liability. For reasons adequately stated by the District Judge in his opinion, 119 F.Supp. 383, we think that his decision was correct and should be affirmed.

Affirmed.