River Valley Cartage Company, Inc., for Use of Ershel Sawyer, Administrator of Estate of Velma Sawyer, Deceased, Appellee, v. Hawkeye-Security Insurance Company, Appellant.

Gen. No. 47,301.

First District, First Division.
June 30, 1958.
Rehearing denied September 29, 1958.
Released for publication September 29, 1958.

Paul La Rocque, Herbert D. Jones, and Edward Wolfe, of Chicago (Edward Wolfe, of counsel) for appellant.

James A. Dooley, of Chicago, for appellee.

JUSTICE ROBSON delivered the opinion of the court.

This is an appeal from a judgment against the garnishee, appellant, in a garnishment proceeding under a policy of automobile liability insurance. The issues involve the extent of the garnishee's liability for interest.

In 1955, Velma Sawyer, now deceased, instituted an action against the River Valley Cartage Company, Inc., a corporation, to recover for personal injuries sus-

tained in an automobile accident. A jury returned a verdict and judgment was entered in favor of plaintiff for $175,000 on May 13, 1955. Execution was returned unsatisfied in July, 1955. On July 3, 1956, the insurer for defendant in that action tendered $50,000 to plaintiff. The tender was refused. Subsequently plaintiff brought this proceeding in garnishment against the insurer, the Hawkeye-Security Insurance Co. Hawkeye answered showing that its liability under the policy was limited to $50,000. On February 15, 1957, a conditional judgment was entered against the garnishee. On March 6, 1957, the plaintiff made a motion for a final judgment. On June 26, 1957, the court entered an order finding that plaintiff was entitled to receive $68,350.67 from Hawkeye. This is an appeal from that order. Subsequently on stipulation plaintiff accepted $50,000 and the amount of this appeal was fixed at $18,350.67.

The record reveals, that Velma Sawyer, the plaintiff, died on July 11, 1955. On May 29, 1956, the court ordered that the letters of administration issued to Ershel Sawyer be entered of record, that execution could issue in the name of Ershel Sawyer, as administrator, and that the proceedings continue in his name.

The question presented by this appeal is whether or not the insurer is liable for interest on the entire amount of the judgment awarded to plaintiff until the entry of the final order by the trial court in the instant case.

The policy fixed a limit of $50,000 on its liability to each person suffering bodily injury as a result of the ownership, maintenance, or use of certain trucks by the insured. The pertinent provisions of the policy pertaining to this appeal read as follows:

"Hawkeye-Security Insurance Company . . . agrees with the insured, named in the declarations made a part hereof, in consideration of the payment of the

premium and in reliance upon the statements in the declarations and subject to the limits of liability, exclusions, conditions and other terms of this policy.

" . . .

"II. DEFENSE, SETTLEMENT, SUPPLEMENTARY PAYMENTS. As respects the insurance afforded by the other terms of this policy under coverages A and B the company shall:

" . . .

"(b) pay all premiums on bonds to release attachments for an amount not in excess of the applicable limit of liability of this policy, all premiums on appeal bonds required in any such defended suit, the cost of bail bonds required of the insured in the event of accident or traffic law violation during the policy period, not to exceed the usual charges of surety companies nor $100 per bail bond, but without any obligation to apply for or furnish any such bonds;

"(c) pay all expenses incurred by the company, all costs taxed against the insured in any such suit and all interest accruing after entry of judgment until the company has paid, tendered or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon;

" . . .

"(e) reimburse the insured for all reasonable expenses, other than loss of earnings, incurred at the company's request.

"The amounts incurred under this insuring agreement, except settlements of claims and suits, are payable by the company in addition to the applicable limit of liability of this policy."

The appellant contends that a construction of all of the foregoing provisions under section II, in light of the opening paragraph, limits the amount of interest for which the insurer is liable to interest on the sum

of its total liability as designated by the applicable limit in the policy from the date of judgment in the personal injury action. Plaintiff argues that the liability of the insurer must be determined from the construction of a single provision of the policy (subsection (c) above) which, plaintiff contends, renders the insurer liable for interest on the entire amount of the judgment awarded plaintiff until the policy limit together with interest on the judgment had been tendered, offered or paid.

The question of an insurer's liability for interest under such a policy on the entire amount of a judgment against the insured which exceeds the policy limits on the insurer's liability for such judgment has arisen only once in Illinois. In City of Watseka v. Bituminous Casualty Corp., 347 Ill. App. 149 (1952), the court dismissed for lack of merit the contention that the insurer should pay interest on the entire amount of the judgment against the insured. The case involved a policy under which the insurer agreed to indemnify the City of Watseka against certain liabilities arising out of street and road repairs during the prosecution of such work. A five year old boy lost his leg as the result of an accident on a street which was under repair by the city. He recovered a judgment against the city for $15,000. Subsequently the city sued the insurer to recover on the policy. The maximum coverage of the policy was $5,000. The primary question presented was whether or not the accident had actually occurred during the prosecution of the repair work by the city. The trial court found that it had so occurred. The trial court denied the city's prayer for interest on the entire amount of the judgment against it. The Appellate Court affirmed and made this statement as to interest at page 157:

"Appellee contends by cross-error that the trial court should have allowed interest on the entire amount

458

of the Romine judgment instead of the $5,000. We believe this contention to be without merit and the trial court was correct."

The opinion does not disclose the terms of the policy with respect to interest. Appellant in the instant case has submitted in its brief a quotation from the brief of the appellee and cross-appellant in the City of Watseka case. It appears from the quoted portion of the brief that the Bituminous Casualty Corporation had agreed to pay, in addition to the applicable limit of liability of the policy, all interest accruing after entry of judgment until the company paid, tendered or deposited in court that part of the judgment not in excess of the limit of its liability. Thus it would seem that the ruling in the City of Watseka case bears directly on the precise issue now before us. However, no reason was advanced by the court for its ruling in that case. The opinion does not even mention the pertinent provision of the policy then in question. For this reason we believe that the issue should be carefully examined to ascertain if this case provides an adequate basis of authority for us to follow. This is the only case in Illinois on the point.

In looking beyond our own courts we find that there is direct conflict on the question among the United States Courts of Appeals. The courts for the Third, Fourth and Fifth Circuits have adopted the single provision construction of "all interest" now advanced by plaintiff. See United Services Automobile Ass'n v. Russom, 241 F.2d 296 (CA 5th, 1957); Underwood v. Buzby, 236 F.2d 937 (CA 3rd, 1956); Maryland Casualty Co. v. Wilkerson, 210 F.2d 245 (CA 4th, 1954). The courts for the Ninth and Tenth Circuits have applied the construction urged by the appellant and initially advanced by the courts of California. See Morgan v. Graham, 228 F.2d 625 (CA 10th, 1956); Standard Accident Ins. Co. of Detroit, Michigan v.

Winget, 197 F.2d 97 (CA 9th, 1952); Sampson v. Century Indemnity Co., 8 Cal.2d 476, 66 P.2d 434 (1937); Malmgren v. Southwestern Automobile Ins. Co., 126 Cal. App. 135, 14 P.2d 351 (1932). Two lower courts in New York have recently adopted the same construction of similar provisions. See Home Indemnity Co. v. Corie, 206 Misc. 720, 134 N.Y.S.2d 443 (1954); United States Fidelity & Guaranty Co. v. Hotkins, 170 N.Y.S. 2d 441 (1957).

Counsel for both parties to this action have relied on the foregoing cases, treatises on insurance law, and even upon a revision in the Standard Family Automobile Policy of the provision now in question. Underlying this controversy are two simple but divergent theories. The first is that where the insurer is in control of all litigation determining the liability of the insured and may stop the running of any interest against it by tendering, upon an adverse judgment, merely the amount for which it is liable under the policy, the insurer has in effect agreed, if it fails to make a timely tender, to pay all interest on the entire judgment in return for the surrender by the insured of his right to effect a settlement. See Wilkerson v. Maryland Casualty Co., 119 F. Supp. 383 (D. C. E. D. Va. 1953), aff'd 210 F.2d 245 (CA 4th, 1954); United Services Automobile Ass'n v. Russom, supra; Underwood v. Buzby, supra; Appleman, Automobile Liability Insurance, 1938 ed., pp. 209, 210. The second is that interest is compensation for the use of money, and thus, where the amount for which the insurer may be liable is clearly defined, "all interest" can only reasonably refer to the interest on the sum the insurer is obligated to pay. (See Sampson v. Century Indemnity Co., supra; Standard Accident Ins. Co. of Detroit, Michigan v. Winget, supra; Morgan v. Graham, supra; Home Indemnity Co. v. Corie, supra; United States Fidelity & Guaranty Co. v. Hotkins, supra.)

460

■ ■ The disparity in construction by these different courts shows ambiguity in the language *"all interest accruing after entry of judgment."* It is well settled that where the language of an insurance policy is reasonably susceptible to more than one interpretation, that construction which favors the insured will be adopted. Marshall v. Metropolitan Life Ins. Co., 405 Ill. 90, 102 (1950); Roth v. Kaptowsky, 393 Ill. 484, 491 (1946); Mammina v. Homeland Ins. Co., 371 Ill. 555, 558 (1939); Morris v. Central West Casualty Co., 351 Ill. 40, 45 (1932). Applying this principle we conclude that the insurer was liable for interest on the entire amount of the judgment against the insured until a proper tender, deposit, or payment of the policy limit had been made. We, therefore, adopt this principle rather than the holding in City of Watseka v. Bituminous Casualty Corp., supra.

■ We must now decide whether a proper tender was made. The record is clear that on July 3, 1956, appellant tendered to plaintiff in open court the sum of $50,000, the policy limit. Plaintiff concludes that this was not a proper tender in that it did not include interest on the judgment to that date. We believe that the language of section (c) "until the company has paid, tendered or deposited in court such part of such judgment as does not exceed the company's liability thereon" is free from ambiguity and is distinct from the ambiguous portion of the same provision. It means that the accrual of interest shall terminate upon a tender of the principal amount for which the company is liable exclusive of all costs and interest. Interest and costs are a separate and distinct obligation which the insurer assumes to pay over and above the policy limitation.

■ Appellant contends that it should only be liable for interest to July 11, 1955, because of the death of Velma Sawyer, the plaintiff and judgment creditor.

461

This is a fallacious argument. The money could have been deposited with the clerk of the court, subject to the appointment of an administrator. This was not done. In fact, no tender was made until after the execution had issued in the name of the administrator.

The judgment of the trial court is reversed and the cause remanded with directions to allow interest on the judgment of $175,000 from May 13, 1955, the date of the judgment in the personal injury action, to July 3, 1956, the date of tender.

Judgment reversed and cause remanded with directions.

McCORMICK, P. J. and SCHWARTZ, J., concur.