(No. 35103.—

RIVER VALLEY CARTAGE COMPANY, INC., Appellant, *vs.* HAWKEYE-SECURITY INSURANCE COMPANY, Appellee.

*Opinion filed September 24, 1959.*

JAMES A. DOOLEY, of Chicago, for appellant.

PAUL A. LA ROCQUE, HERBERT D. JONES, and EDWARD WOLFE, all of Chicago, for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

We granted leave to appeal in this case to determine the extent and the duration of an insurance company's liability for interest on a judgment against its insured.

On May 13, 1955, Velma Sawyer obtained a judgment for $175,000 in a personal injury action against the River Valley Cartage Co. Hawkeye-Security Insurance Co. had insured the cartage company against liability to the extent of $50,000. Velma Sawyer died on July 11, 1955, and her administrator, Ershel O. Sawyer, was substituted for her. On July 3, 1956, the administrator refused a tender of $50,000, and on November 1, 1956, he commenced supplemental garnishment proceedings against the insurance company as garnishee. On June 26, 1957, judgment for $68,350.57 was entered against the garnishee. This judgment included the amount for which the insurer was liable on the face of its policy, together with interest on the entire judgment of $175,000 from the date of its entry to the date of judgment in the garnishment proceeding. On July 24, 1957, the insurance company paid $50,000 to the administrator under a stipulation that the judgment would

thereby be reduced to $18,367.50, but that the payment would not affect the rights or liabilities of the parties.

The insurer appealed to the Appellate Court, and there contended that it was liable for interest only on the sum of $50,000, and that in any case interest stopped accruing on July 3, 1956, when the tender of $50,000 was refused. The Appellate Court rejected the first contention but accepted the second. (18 Ill. App. 2d 454.) We allowed the administrator's petition for leave to appeal.

The administrator contends that the Appellate Court erred in holding that the tender stopped the running of interest. His position is that the insurer continued to be liable for interest on the sum of $175,000 until July 24, 1957, when $50,000 was paid, and that it continues to be liable for interest on the sum of $125,000. Without cross-appealing the insurer renews the contentions that it made in the Appellate Court. See Ill. Rev. Stat. 1957, chap. 110, par. 101.32(4).

The case turns upon the interpretation of the clause in the insurer's policy by which it obligated itself to pay "all costs taxed against the insured in any such suit and all interest accruing after entry of judgment until the company has paid, tendered or deposited in court such part of the judgment as does not exceed the limit of the company's liability thereon." This clause appears in section 2 of the policy, which is captioned, "Defense, Settlement, Supplementary Payments."

We consider first the question of the extent of the insurer's liability. Courts have divided on the meaning of the phrase "all interest accruing after entry of judgment." Some have read it to limit liability for interest to that part of the judgment for which the insurer is responsible. (See, e.g., *Morgan v. Graham*, 228 F.2d 625 (10th Cir.); *Standard Accident Ins. Co.* v. *Winget*, 197 F.2d 97 (9th Cir.); *Sampson* v. *Century Indemnity Co.* 8 Cal.2d 476, 66 P.2d 434.) Others have not. (See, *e.g.*, *United Services Auto-*

*mobile Association* v. *Russom,* 241 F.2d 296 (5th Cir.) ; *Underwood* v. *Buzby,* 236 F.2d 937 (3rd Cir.) ; *Maryland Casualty Co.* v. *Wilkerson,* 210 F.2d 245 (4th Cir.).) It might be enough to say that the ambiguity evidenced by this division of opinion should be construed against the insurer. (*First National Bank of Highland Park* v. *Boston Insurance Co. supra,* p. 147.) But we believe that there are other and stronger reasons for holding that the phrase creates liability for interest on the entire judgment.

In the first place, the insurer's language compels such a conclusion. The phrase referring to interest uses the term "judgment" without qualification while in the same clause the phrase limiting the duration of the liability for interest refers to "such part of the judgment as does not exceed the limit of the company's liability thereon." Obviously the insurer knew how to qualify the term "judgment" to achieve the result that it urges. It did not do so.

In addition, the realities of the relationship between the insurer and the insured argue against the insurer's interpretation. Under the terms of the policy the insurer has complete control of any litigation from which it might incur liability. The insured can not settle with the plaintiff without releasing the insurer from its obligation. Any delay that may cause the accumulation of interest is thus the responsibility of the insurer. And until it has discharged its obligations under the policy it should bear the entire expense of this delay.

Insurers themselves have recognized this. The National Bureau of Casualty Underwriters formerly included the clause now before us in its form of standard policy. It has now changed its form to read "all interest on the entire amount of any judgment therein which accrues after entry of the judgment." In announcing the change, it said: "Several court cases have held that an insurer's obligation to pay interest extends only to that part of the judgment for which the insurer is liable. The respective rating committees

have agreed that this is contrary to the intent. As a result, the wording with respect to payment of interest in the new Family Automobile Policy has been restated, in order that it be entirely clear that all interest on the entire amount of any judgment, which accrues after entry of the judgment, is payable by the insurer until the insurer has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the insurer's liability thereon." Ramsey, "Interest on Judgments under Liability Insurance Policies," Insurance Law Journal No. 414 (July, 1957), p. 407, at p. 411.

In our opinion the Appellate Court correctly held the insurer liable for interest on the total amount of the judgment.

The second issue is the duration of the insurer's liability for this interest. Under the terms of its policy, the insurer is liable for interest "until the company has paid, tendered or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon." The Appellate Court found that this phrase "means that the accrual of interest shall terminate upon a tender of the principal amount for which the company is liable exclusive of all costs and interest." (18 Ill. App. 2d 454, 461.) So it held that the insurer's liability for interest terminated at the time of the July, 1956, tender of $50,000. We think that this view gives what is not a legal tender the effect of a legal tender. The question must be appraised in terms of the rights of the insured against the insurer, because by this garnishment proceeding the plaintiff seeks to reach the indebtedness of the insurer to the insured. A valid tender by the debtor must be "sufficient to cover all that the creditor then has a right to recover, whether of debt, interest or costs. If he tender less, then the tender is not good, * * *." *Sweetland* v. *Tuthill*, 54 Ill. 215, 216.

Since the insurer conceded that it was liable for some interest and costs at the time of the alleged tender, although

it disputed the exact amount, it should have been clear to the insurer that it did not make a legally valid tender. While it is true that interest is a separate and distinct obligation from the judgment, the provision in the policy only makes sense if the word "judgment" is read to include interest. Otherwise, the insurer could, by offering a sum that in most instances the judgment creditor would have to refuse in order to preserve his full rights, free itself from the impact of the provision which is its incentive for speedily discharging its entire obligation.

We hold that the tender of $50,000 did not operate to terminate the insurer's continuing obligation for interest on the entire $175,000. (*Cf.* Ill. Rev. Stat. 1957, chap. 74, par. 3.) That obligation continues until satisfied. The judgment of the Appellate Court is affirmed in part and reversed in part, and the cause is remanded to the circuit court of Cook County.

*Affirmed in part and reversed in part,*
*and remanded.*