FLOYD L. MAYBERRY, Trustee of JOHN FRANKLIN MAYBERRY, Incompetent v. HOME INSURANCE COMPANY, a Corporation.

(Filed 18 June, 1965.)

1. Trial § 56—

In a trial by the court under agreement of the parties the rules of evidence are not so strictly enforced as in a jury trial, and it will be presumed that the judge disregarded any incompetent evidence that may have been admitted unless it affirmatively appears that he was influenced thereby.

2. Appeal and Error § 49—

In a trial by the court under agreement of the parties, the judge's findings of fact are as conclusive as a verdict of a jury when such findings are supported by competent evidence and the stipulation of the parties, even though incompetent and irrelevant evidence may also have been admitted.

3. Appeal and Error § 21—

An assignment of error to the judge's conclusion of law and the signing of the judgment presents for review whether error of law appears on the face of the record proper, which includes whether the facts found are sufficient to support the conclusion of law and judgment and whether the judgment is regular in form.

4. Insurance § 66.1—

The limits of insurer's liability under a policy must be determined by an analysis and examination of its provisions, and insurer may be obligated to pay costs or interest on a judgment recovered against insured even though such payment brings the total payments of insurer beyond the stated policy limit.

5. Same—

Where a policy of automobile liability insurance obligates insurer to pay "* * * and all interest accruing after entry of judgment until the company has paid or tendered or deposited in court such part of such judgment as does not exceed the limit of the company's liability * * *," insurer's liability for interest is not limited to interest on that part of the judgment within the stated limit of liability, but insurer is obligated to pay interest on the entire judgment recovered against insured from the date of the judgment until the amount of the policy limit has been tendered, offered or paid.

6. Appeal and Error § 49—

Where the findings of the trial court do not support the court's conclusion of law and judgment, the cause must be remanded for the proper conclusion of law and judgment upon the facts found.

Appeal by plaintiff from Riddle, S.J., 19 October 1964 non-jury Civil Session of Mecklenburg.

Civil action by a judgment creditor of defendant's insured against the insured's liability carrier.

It is stated in appellant plaintiff's brief, and not controverted in defendant appellee's brief, that "the parties waived a jury and agreed to allow the court to find the facts and conclusions of law." It would seem that the fact that the case was heard at a non-jury session confirms that statement. This is a summary of Judge Riddle's findings of fact:

Defendant, Home Insurance Company, a New York corporation, authorized to transact and transacting business in this State, issued a 1960 North Carolina assigned risk automobile liability policy, with limits of $5,000 for each injury and $10,000 for each accident, to Preston Douglas Grier, Jr., and said policy was in full force and effect on 23 November 1960, and covering Grier's 1958 Chevrolet automobile.

On 23 November 1960 plaintiff's incompetent was seriously injured while riding as a passenger in a 1958 Chevrolet automobile owned and operated by Preston Douglas Grier, Jr.

Plaintiff prosecuted a civil action against Preston Douglas Grier, Jr., and against Charlotte City Coach Lines, Inc., on behalf of his incompetent in the Mecklenburg County superior court, and at the regular schedule "B", 3 December 1962 civil session of Mecklenburg County superior court obtained a judgment against Preston Douglas Grier, Jr., in the amount of $79,500. (Another codefendant in that action was Wayne Heath Thomas, the driver of the bus of Charlotte City Coach Lines, Inc. The jury exonerated Thomas and the Coach Company, and plaintiff of contributory negligence, and awarded $79,500 damages against Grier. Plaintiff appealed assigning errors in the charge with reference to defendants Thomas and the Coach Company. This Court found no error. *Mayberry v. Coach Lines,* 260 N.C. 126, 131 S.E. 2d 671.)

The judgment in behalf of plaintiff's incompetent for $79,500 against Preston Douglas Grier, Jr., was entered on 12 December 1962. Grier gave notice of appeal, and Home Insurance Company made up and served on plaintiff a statement of case on appeal. Subsequently Grier authorized Home Insurance Company to abandon the appeal, and his motion for permission to abandon his appeal was allowed by the court in March 1963.

On 5 April 1963 Home Insurance Company paid the sum of $5,000 to the clerk of the superior court of Mecklenburg County to apply on the $79,500 judgment obtained by plaintiff against Grier, which was the limit of liability coverage of Home Insurance Company under its policy issued to Grier for bodily injuries to any one person in one accident. When Home Insurance Company filed its answer in the instant case on 11 February 1964, it paid to the clerk of the superior court of Mecklenburg County the sum of $93.70, representing interest at 6% from

12 December 1962 until 5 April 1963 on the $5,000 it had formerly paid to the clerk of the superior court of Mecklenburg County to be applied to the $79,500 judgment obtained by plaintiff against Grier.

Defendant's 1960 assigned risk automobile liability policy issued to Grier covering his 1958 Chevrolet automobile, and in force on 23 November 1960, contained the following Insuring Agreements:

"II.   Defense, Settlement, Supplementary Payments: With respect to such insurance as is afforded by this policy for bodily injury liability and for property damage liability, the company shall —

"(a)   defend any suit against the insured alleging such injury, sickness, disease, or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient;

"(b) (1)   pay all premiums on bonds to release attachments for an amount not in excess of the applicable limit of liability of this policy, all premiums on appeal bonds required in any such defended suit, the cost of bail bonds required of the insured in the event of accident or traffic law violation during the policy period, not to exceed $100 per bail bond, but without any obligation to apply for or furnish any such bonds;

"(2)   pay all expenses incurred by the company, all costs taxed against the insured in any such suit and all interest accruing after entry of judgment until the company has paid or tendered or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon;

"(3)   pay expenses incurred by the insured for such immediate medical and surgical relief to others as shall be imperative at the time of the accident;

"(4)   reimburse the insured for all reasonable expenses, other than loss of earnings, incurred at the company's request; "and the amounts so incurred, except settlements of claims and suits, are payable by the company in addition to the applicable limit of liability of this policy."

As early as May 1958 defendant changed its family automobile policy to provide expressly for payment of interest on the entire amount of judgments. Yet, defendant down to the present time has preserved the same wording in its assigned risk automobile liability policies which appears in the Grier policy.

On 29 January 1962 defendant's counsel wrote counsel for plaintiff offering to pay the full limits of its $5,000 coverage in exchange for a release or a covenant not to sue Grier, and repeated its offer on 17 February 1962. At all times, before and after judgment against Grier, Home Insurance Company was willing to pay its entire coverage limit of $5,000 in settlement or other disposition of plaintiff's claim against Grier.

Based upon his findings of fact, Judge Riddle made the following conclusion of law:

> "* * * the Court is of the opinion that the assigned risk auto-mobile policy which the insured Grier had did not provide for payment of interest on any sum greater than $5,000, and that the only obligation of the defendant with regard to payment of interest on the judgment was to pay interest on $5,000 from the time of the rendition of the judgment until the defendant paid into court $5,000, which was the principal amount of its coverage."

Whereupon, he ordered and adjudged that plaintiff recover from defendant the sum of $93.70, which defendant has heretofore paid to the clerk of the superior court of Mecklenburg County, and nothing more, together with the costs of the action.

From the judgment, plaintiff appeals.

*Bradley, Gebhardt, DeLaney & Millette by Paul B. Guthery, Jr., for plaintiff appellant.*

*Helms, Mulliss, McMillan & Johnston by James B. McMillan for defendant appellee.*

PARKER, J. Plaintiff has a number of assignments of error to the admission of evidence over his objections and exceptions, and to the judge's findings of fact. All these assignments of error are overruled.

When the parties waived a jury trial, Judge Riddle occupied a dual position: he was the judge required to lay down correctly the guiding principles of law, and he was also the tribunal compelled to find the facts. In such a trial the rules of evidence as to the admission and exclusion of evidence are not so strictly enforced as in a jury trial. If there was incompetent evidence admitted, it will be presumed it was disregarded by the judge in making his decision, unless it affirmatively appears that the action of the judge was influenced thereby. *Bizzell v. Bizzell*, 247 N.C. 590, 101 S.E. 2d 668.

Defendant alone introduced evidence, except there was admitted in evidence a stipulation as to certain facts agreed upon by the parties in open court. Most of the evidence admitted was competent, and even if

irrelevant evidence was admitted, its admission was not prejudicial to plaintiff. The judge's findings of the crucial facts are amply supported by competent evidence and by the stipulation entered into by the parties, and are as conclusive on appeal as the verdict of a jury. Strong's N. C. Index, Vol. I, Appeal and Error § 49.

Plaintiff further assigns as error the judge's conclusion of law and the signing of the judgment. This assignment of error raises the question as to whether an error of law appears on the face of the record proper. This includes the question whether the facts found by the judge are sufficient to support his conclusion of law and judgment, and whether the judgment is regular in form. Strong's N. C. Index, Vol. 1, Appeal and Error § 21.

The question for decision in this case is whether Home Insurance Company, the liability insurer, is required to pay interest on the entire judgment of $79,500 rendered in plaintiff's favor against Grier, its insured, from 12 December 1962, the date on which the judgment was entered, until 5 April 1963, the date on which defendant paid $5,000 to the clerk of the superior court of Mecklenburg County to be applied to the judgment obtained by plaintiff against Grier, which was the limit of liability coverage under its policy issued to Grier for bodily injuries to any one person in one accident, as contended by plaintiff, or only interest on that part of the judgment which represents the policy limit of $5,000, as contended by defendant. On this question there is considerable conflict in the cases elsewhere. *Powell v. T. A. & C. Taxi, Inc.,* 104 N.H. 428, 188 A. 2d 654 (1963); *River Val. Cart. Co. v. Hawkeye-S. Ins. Co.,* 17 Ill. 2d 242, 161 N.E. 2d 101, 76 A.L.R. 2d 978 (1959). For a list of cases that hold that insurer's liability extends to interest on the entire amount of judgment, see Annot. 76 A.L.R. 2d 987, § 4. For a list of cases that hold that insurer's liability is limited to interest on the amount of the policy limit, see Annot. 76 A.L.R. 2d 991, § 5. This question has not been resolved in this jurisdiction. The determination of this question necessarily requires an analysis and examination of the provisions in the insurance policy here, as well as a choice of the preferable rule to be followed in this State. *Powell v. T. A. & C. Taxi, Inc., supra.*

Plaintiff and defendant stipulated and agreed in open court, *inter alia,* as follows: "On April 5, 1963, the defendant Home Insurance Company on behalf of Preston Douglas Grier, Jr., paid the sum of $5,000 to the clerk of the superior court of Mecklenburg County, N. C. to apply on the judgment. This was the stated limit of the liability coverage of Home Insurance Company providing injury to any one person in any one accident." This was also found as a fact by the judge. However, in the Insuring Agreement in the insurance policy here entitled

"II. Defense, Settlement, Supplementary Payments," there is a clear ray of light indicating additional benefits. Section (b) (2) thereof reads as follows: "pay all expenses incurred by the company, all costs taxed against the insured in any such suit and *all interest accruing after entry of judgment until the company has paid or tendered or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon.*" (Emphasis supplied.)

Several observations may be made concerning section (b) (2) quoted above. First, the phrase "all interest accruing after entry of judgment" does not connote the thought of some interest, or part of the interest on the judgment, but rather compels the conclusion of all interest whatever its amount in relation to the policy limits. Further, the phrase referring to interest uses the word "judgment" without qualification, while in the same clause the phrase limiting the liability for interest refers to "such part of such judgment as does not exceed the limit of the company's liability thereon." Obviously, the insurer knew how to qualify the term "judgment" to achieve the result that it urges here. It did not do so. *Powell v. T. A. & C. Taxi, Inc., supra; River Val. Cart. Co. v. Hawkeye-S. Ins. Co., supra; United Services Automobile Association v. Russom,* 241 F. 2d 296 (5th Cir. 1957), in all of which cases the insurance policy involved contained a provision identical with section (b) (2) in the instant case quoted above. Second, it has been well-established law for many years that the insurer may be obligated to pay costs or interest on a judgment recovered against its insured, although these terms may bring the total payment beyond the limits set in its policy. *Powell v. T. A. & C. Taxi, Inc., supra; Brown v. Great American Indemnity Co.,* 298 Mass. 101, 9 N.E. 2d 547, 111 A.L.R. 1065; *Maryland Casualty Co. v. Wilkerson,* 210 F. 2d 245 (4th Cir. 1954). Third, the language used in this section of the policy is consistent with the view that interest on the entire judgment until 5 April 1963 should be allowed. Finally, section (a) quoted above reads in part: "* * * but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient." In respect to this clause, the Supreme Court of Illinois said in a unanimous opinion in *River Val. Cart. Co. v. Hawkeye-S. Ins. Co., supra:*

> "In addition, the realities of the relationship between the insurer and the insured argue against the insurer's interpretation [that its liability is limited to interest on the amount of the policy limit]. Under the terms of the policy the insurer has complete control of any litigation from which it might incur liability. The insured cannot settle with the plaintiff without releasing the insurer from its obligation. Any delay that may cause the accumulation of in-

terest is thus the responsibility of the insurer. And until it has discharged its obligations under the policy it should bear the entire expense of this delay.

"Insurers themselves have recognized this. The National Bureau of Casualty Underwriters formerly included the clause now before us in its form of standard policy. It has now changed its form to read 'all interest on the entire amount of any judgment therein which accrues after entry of the judgment.' In announcing the change, it said: 'Several court cases have held that an insurer's obligation to pay interest extends only to that part of the judgment for which the insurer is liable. The respective rating committees have agreed that this is contrary to the intent. As a result, the wording with respect to payment of interest in the new Family Automobile Policy has been restated, in order that it be entirely clear that all interest on the entire amount of any judgment, which accrues after entry of the judgment, is payable by the insurer until the insurer has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the insurer's liability thereon,' Ramsey, 'Interest on Judgments under Liability Insurance Policies,' Insurance Law Journal No. 414 (July, 1957), p. 407, at p. 411."

In accord *Powell v. T. A. & C. Taxi, Inc., supra.*

In considering the supplementary payments which the liability insurer agreed to pay in Part II of its insuring agreements, there is additional language which supports the validity of the reasons stated above. In addition to agreeing to pay the expenses of its insured, costs and interest, it has specifically assumed the following obligation in Part II quoted above: "and the amounts so incurred, except settlements of claims and suits, are payable by the company *in addition to the applicable limit of liability of this policy.*" (Emphasis supplied.) In respect to this clause, the Supreme Court of New Hampshire said in respect to an identical clause of an automobile liability policy in *Powell v. T. A. & C. Taxi, Inc., supra:*

"While this clause has not been discussed in the cases extensively, it does serve to strengthen the view that the liability insurer regarded such payment of interest and costs and other expenses as clearly supplementary to the applicable limits of the policy, and without restricting such payments to that part of the judgment that is equal to the policy limit."

In the *Powell* case, the Supreme Court of New Hampshire further said:

"The insurer contends that the 'great weight of precedent' is that liability is limited to interest on the amount of the policy limit. It is doubtful if there is any great weight of authority supporting this view. Annot. 76 A.L.R. 2d 983, 987; 8 Appleman, Insurance Law and Practice, § 4899, p. 364. *Cf. Carlile v. Vari,* 113 Ohio App. 233, 177 N.E. 2d 694. The view that liability is limited to interest on the amount of the policy limit is generally supported by the older cases. *Sampson v. Century Indemnity Co.,* 8 Cal. 2d 476, 66 P. 2d 434, 109 A.L.R. 1162; *Standard Accident Insurance Co. v. Winget,* 197 F. 2d 97, 34 A.L.R. 2d 250 (9th Cir., 1952); *Casey-Hedges Co. v. Southwestern Surety Co.,* 139 Tenn. 63, 201 S.W. 137, L.R.A. 1918D, 184. Some of the cases cited in support of this view contain no discussion of why the insurer's liability for interest is restricted to interest on the amount of the policy limit. *Rumford Falls Paper Co. v. Fidelity & Cas. Co.,* 92 Me. 574, 43 A. 503; *Cleghorn v. Ocean Accident & Guarantee Corp.,* 244 N.Y. 166, 155 N.E. 87. Some of the cases cited in support of this rule such as *Watseka v. Bituminous Casualty Corp.,* 347 Ill. App. 149, 106 N.E. 2d 204, have been impliedly overruled by later cases in the same jurisdiction. To the extent that there is any modern trend, it is in favor of the rule that the insurer's liability for interest extends to interest on the entire amount of the judgment. *Plasky v. Gulf Ins. Co.* (1960), 160 Tex. 612, 335 S.W. 2d 581; *River Valley Cartage, Inc. v. Hawkeye-Security Ins. Co.,* 17 Ill. 2d 242; *Highway Casualty Co. v. Johnston* (1958 Fla.), 104 So. 2d 734; 2 Richards, Insurance (5th Ed.) § 283 (1962 supp.). We think the rule which allows interest on the entire amount of the judgment is consistent with the language used in the insurance policy and is not prohibited by public policy or any statutory provision in this state. R.S.A. ch. 268. 6 Blashfield (Part 2) Cyc. Automobile Law & Practice, §§ 4105.5 and 4106; Gowan, Provisions of Automobile and Liability Insurance Contracts, 30 Insurance Counsel J. 96, 98 (1963)."

It is true that in *Home Indemnity Co. v. Corie* (1954), 206 Misc. 720, 134 N.Y.S. 2d 443, affirmed without opinion 286 App. Div. 996, 144 N.Y.S. 2d 712, it was held in respect to an automobile liability policy apparently similar to the one here that the insurer's liability was limited to interest on the amount of the policy limit only. However, it seems the opinion was rendered by a single justice and whether that assumption is correct or not, the opinion does not contain an analysis and examination of the policy provisions, and the result reached is not convincing to us and is different from the result reached in the modern,

well-reasoned cases of many other courts, many of which were rendered by courts of last resort.

In *Alford v. Textile Ins. Co.* (1958), 248 N.C. 224, 103 S.E. 2d 8, the precise point presented for decision in the instant case was not raised in briefs of counsel for decision, and the precise point for decision here was not decided by the Court in the *Alford* case.

From our examination of many cases, it appears that the liability policy here contains what is termed the standard interest clause. The following cases support the view that interest clauses in automobile policies identical with or similar to the one here must be construed as creating a liability for interest on the entire judgment so as to render the insurer liable for interest on the entire amount of the judgment awarded plaintiff, until the amount of the policy limit, plus interest on the whole judgment, has been tendered, offered, or paid. *Powell v. T. A. & C. Taxi, Inc.,* supra; *River Val. Cart. Co. v. Hawkeye-S. Ins. Co.,* supra; *United Services Automobile Association v. Russom,* supra; and the cases cited in Annot. 76 A.L.R. 2d 987, § 4. In our opinion, and we so hold, these cases have reached the correct result, are based upon sound and elaborate reasoning and authority, and state the preferable rule, and we adopt that rule as the law in this jurisdiction.

The learned judge's crucial findings of fact do not support his conclusion of law and judgment, and he committed error in making his conclusion of law and in rendering the judgment he did. Based on his crucial findings of fact, he should have concluded as a matter of law that, under the terms of the liability policy here, the defendant, liability insurer, is required to pay interest on the entire judgment of $79,500 rendered in plaintiff's favor against Grier, its insured, from 12 December 1962, the date on which the judgment was entered, until 5 April 1963, the date on which defendant paid $5,000 to the clerk of the superior court of Mecklenburg County to be applied to the judgment obtained by plaintiff against Grier, which was the limit of liability coverage under its policy issued to Grier for bodily injuries to any one person in one accident, and should have ordered and adjudged that plaintiff recover that amount from defendant and that defendant pay the costs. The judgment below is reversed, and the case is remanded to the lower court with direction that based on the crucial findings of fact it make a conclusion of law and enter judgment in accordance with this opinion. *Goodson v. Lehmon,* 225 N.C. 514, 517-18, 35 S.E. 2d 623, 625, 164 A.L.R. 510, 513; 5 Am. Jur. 2d, Appeal and Error, § 959.

Reversed and remanded.