## Paul v. Dwyer

*Philip Salkin,* for plaintiff.

*James N. Peck* and *Harry N. Moran, Jr.,* for defendants.

HONEYMAN, J., March 30, 1967.—This matter comes before the court as a result of an attachment execution which was issued on August 18, 1964. The parties have stipulated that the decision of the court en banc shall have the effect of a jury verdict. The matter was argued on Tuesday, November 22, 1966, and is now ready for disposition.

As a result of an automobile accident which occurred on May 5, 1957, plaintiff, David Brooks Paul, instituted an action against defendant, Joseph H. Dwyer, Jr. State Farm Mutual Automobile Insurance Company (hereinafter called State Farm) had been the insurer of defendant, but declined to defend the action on the grounds that its policy had been cancelled prior

to the date of the accident. Defendant failed to enter an appearance, and judgment was rendered against him. Subsequently, a jury assessed damages against defendant in the amount of $100,000. Plaintiff then issued an attachment execution against State Farm as garnishee on defendant's policy, which had limits of $10,000 with reference to injuries to any one person. This action was defended by State Farm and a jury rendered a verdict against State Farm in the sum of $10,000, the face amount of the policy. State Farm appealed this verdict and the Supreme Court of Pennsylvania affirmed the jury's decision.

State Farm and plaintiff then agreed that $10,000 plus interest of $1,518.66, was owed to plaintiff as a result of the verdict against State Farm, and State Farm paid this amount. However, the agreement saved the rights of both parties to litigate the question of whether or not any further interest is due from State Farm. On August 18, 1964, plaintiff caused to be issued this second attachment execution for recovery of interest totalling $27,766.68 on the whole $100,000 verdict from the date of that verdict up to the date that garnishee tendered payment of the face amount of the policy. Whether or not plaintiff may recover this sum from State Farm is the question to be determined.

There are two issues involved here, the first being whether or not State Farm is, under its policy, obligated to pay interest on the whole verdict, rather than only on that portion of the verdict it is obligated to pay, i.e., $10,000. The second question presented is whether plaintiff is estopped from pursuing this claim because of the principles of res judicata.

The first issue revolves around a standard clause found in many insurance policies. That clause states that the company agrees:

"(3) to Pay, as respects the insurance afforded

under coverages A and B and in addition to the applicable limits of liability:

"(a) costs taxed against the insured in any such suit and all interest accruing after entry of judgment until the company has paid or tendered such part of such judgment as does not exceed the limit of the company's liability thereon".

State Farm does not deny liability under this section, but rather asserts that "it is elementary that the provision is not involved here at all". This is consonant with State Farm's view that the principle of res judicata prevents plaintiff from asserting his claim. However, the court does not share State Farm's view as to this facet of the matter and will assume that State Farm is not admitting liability for interest on the whole judgment of $100,000.

According to an article appearing in 76 A. L. R. 2d 983 §§4, 5 (1961), there is an irreconcilable conflict of opinion among the courts of various jurisdictions as to whether the above quoted clause intends liability for interest on the entire amount of the judgment or liability for interest on that portion of a judgment which represents the policy limit. This question has never been decided by a Pennsylvania appellate court and has only been briefly considered in Powell v. Empire Mutual Insurance Company, 24 D. & C. 2d 572 (C. P. Phila. 1961). In that case, the court held that interest must be paid on the full amount of the judgment. This decision cited for authority the case of Underwood v. Buzby, 136 F. Supp. 957 (3rd Cir. 1955), where the Federal court stated that if the question ever arose in a Pennsylvania court, the result would be that interest on the full amount of the judgment would be due. However, on appeal, the United States Circuit Court of Appeals stated that because of a conflict of laws problem, Maryland, not Pennsylvania, law was applicable. The same substantive result was had, but

it was based on Maryland law: Underwood v. Buzby, 236 F. 2d 937 (3rd Cir. 1956). Since the only authority for this proposition in Pennsylvania is a decision based on a Federal case which was ultimately decided under the law of Maryland, this court feels that an independent determination of this question must be made to decide on which side of the "irreconcilable conflict" this court will stand.

As a result of extensive research, we have determined that the following jurisdictions have decided that the standard interest clause intends payment of interest on the whole judgment: Arkansas: Southern Farm Bureau Casualty Insurance Company v. Robinson, 365 S. W. 2d 454 (Ark. 1963); Florida: Highway Casualty Company v. Johnston, 104 S. 2d 734 (Fla. 1958); Illinois: River Valley Cartage Company v. Hawkeye-Security Insurance Company, 17 Ill. 2d 242, 161 N. E. 2d 101 (1959); Louisiana: Doty v. Central Mutual Insurance Company, 186 S. 2d 328 (La. App. 1966); North Carolina: Mayberry v. Home Insurance Company, 264 N. C. 658, 142 S. E. 2d 626 (1965); New Hampshire: Powell v. T. A. & C. Taxi, Inc., 104 N. H. 428, 188 A. 2d 654 (1963); New Jersey: Kraynick v. Nationwide Insurance Company, 80 N. J. Super. 296, 193 A. 2d 419 (1963); Ohio: Coventry v. Steve Koren, Inc., 1 Ohio App. 2d 385, 205 N. E. 2d 18 (1965) aff'd. 4 Ohio St. 2d 24, 211 N. E. 2d 833; Texas: Baucum v. Great American Insurance Company of New York, 370 S. W. 2d 863 (Texas 1963). The following jurisdictions have determined that the clause intends only interest in an amount corresponding to the policy limits: California: Sampson v. Century Indemnity Company, 8 Cal. 2d 476, 66 P. 2d 434 (1937); New York: United States Fidelity & Guaranty Company v. Hotkins, 8 Misc. 2d 296, 170 N. Y. S. 2d 441 (1957); South Carolina: Crook v. State Farm Mutual Automobile Insurance Com-

pany, 235 S. C. 452, 112 S. E. 2d 241 (1960). This court has elected to join the ranks of those jurisdictions which interpret the interest clause to mean interest on the whole amount of the judgment. In doing so, we have not been swayed by the numerical preponderance of jurisdictions espousing this view, but by the rationale propounded by the courts of those States.

The arguments in favor of this position have been so fully covered that it would probably appear to be plagiarism if extensive citations from these other jurisdictions were not used. Initially, the matter could be disposed of by resolving the ambiguity, which is evidenced by this "irreconcilable conflict", against the insurer: Beley v. Pennsylvania Mutual Life Insurance Co., 373 Pa. 231 (1953). However, there are stronger and better reasons for deciding that the phrase creates liability for interest on the whole judgment. "All interest" does not connote some or part, but is used without limitation.

". . . The phrase referring to interest uses the term 'judgment' without qualification while in the same clause the phrase limiting the duration of the liability for interest refers to 'such part of the judgment as does not exceed the limit of the company's liability thereon'. Obviously the insurer knew how to qualify the term 'judgment' to achieve the result that it urges. It did not do so.

"In addition, the realities of the relationship between the insurer and the insured argue against the insurer's interpretation. Under the terms of the policy the insurer has complete control of any litigation from which it might incur liability. The insured can not settle with the plaintiff without releasing the insurer from its obligation. Any delay that may cause the accumulation of interest is thus the responsibility of the insurer. And until it has discharged its obligations

under the policy it should bear the entire expense of this delay.

"Insurers themselves have recognized this. The National Bureau of Casualty Underwriters formerly included the clause now before us in its form of standard policy. It has now changed its form to read 'all interest on the entire amount of any judgment therein which accrues after entry of the judgment'. In announcing the change, it said: 'Several court cases have held that an insurer's obligation to pay interest extends only to that part of the judgment for which the insurer is liable. The respective rating committees have agreed that this is contrary to the intent. As a result, the wording with respect to payment of interest in the new Family Automobile Policy has been restated, in order that it be entirely clear that all interest on the entire amount of any judgment, which accrues after entry of the judgment, is payable by the insurer until the insurer has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the insurer's liability thereon'. Ramsey, 'Interest on Judgments under Liability Insurance Policies', Insurance Law Journal No. 414 (July, 1957), p. 407, at p. 411": River Valley Cartage Co. v. Hawkeye-Security Ins. Co., supra, at pages 245-46.

See also 8 Appleman, Ins. L. & P., §4899, wherein it is stated at page 364:

". . . It seems fair to compel the insurer to pay all the interest which accrues pending an appeal, even though the judgment is in excess of the policy limits, for the reason that the insured might desire to pay the excess judgment and thus prevent the running of interest, but the insurer's control of the litigation would prevent him from doing so".

In considering the cases reaching a contrary result, it will be seen that the cases, mostly older decisions, generally do not consider the question fully, but merely

state the rule. Sampson v. Century Indemnity Company, supra, is an exception in that in 1937, the California Court stated that in considering the whole contract, it would require strained and unnatural construction to reach the result that the insurance company was liable for the interest on the whole judgment. With this we cannot agree, since 20 years after that case was decided, the National Bureau of Casualty Underwriters stated that the result in Sampson was contrary to the intent of the clause. In our opinion, the above mentioned cases, holding that interest is due on the whole amount of the judgment, have reached the correct result, are based upon sound and logical reasoning and authority, and state the preferable rule, and we adopt that rule of law.

The next problem presented here is whether or not plaintiff is estopped from asserting this claim because of the principle of res judicata. It is State Farm's contention that all liability of State Farm was adjudicated in the first attachment execution proceeding. We cannot agree with State Farm's position on this point. The policy clause, which is cited above, clearly states that State Farm will pay all interest until such time as the company shall pay or tender the amount due under the policy. In this case, State Farm denied liability under the policy, and a jury decided that the policy was in effect. There was no tender or payment at this point, but instead State Farm appealed and the Supreme Court of Pennsylvania affirmed the jury's verdict. Until such time as the $10,000 policy limit was tendered, there was no way of telling just how much interest had accrued. Plaintiff's claim for this interest has never before been litigated, and to allow State Farm to avoid liability here would be to effectively emasculate the interest clause which State Farm wrote into the policy. It would require pure conjecture and speculation on the part of the jury to expect them

474

to guess when the insurer would finally pay or tender the policy limit. For this reason, we decide that the principles of res judicata do not apply to this situation, and State Farm is liable under the interest clause for all interest accruing on the judgment to the date of payment or tender which in this case was March 24, 1964.

### ORDER

And now, March 30, 1967, after oral argument before the court en banc, and upon consideration of the briefs of counsel, garnishee's motion for judgment on the pleadings is allowed, and the prothonotary is directed to enter judgment for plaintiff in the sum of $27,766.68 upon praecipe being filed.