IN RE ESTATE OF LEROY TICHOTA, DECEASED. HENRY NIEMEYER, APPELLANT, V. ESTATE OF LEROY TICHOTA, DECEASED, AND WILLIAM TICHOTA, ADMINISTRATOR OF THE ESTATE OF LEROY TICHOTA, DECEASED, APPELLEES.

215 N. W. 2d 885

Filed March 14, 1974. No. 39216.

Erickson, Sederstrom & Johnson, for appellant.

Jewell, Otte, Gatz, Magnuson & Collins, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, and CLINTON, JJ., and CHADDERON, District Judge.

SPENCER, J.

This case involves the question of whether a liability

insurer is liable for interest on·that portion of a judgment recovered against its insured by a third party which is in excess of the principal amount limited by the policy where the policy requires the insurer to pay "all interest accruing after entry of judgment until the company has paid or tendered or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon." The trial court held there was no liability for interest on the excess judgment. Plaintiff appeals. We reverse.

Plaintiff, who was seriously injured in an automobile accident on February 1, 1970, recovered a judgment against appellants on March 28, 1972, in the amount of $170,000. Dairyland Insurance Company had issued a $20,000 maximum liability policy to decedent and had previously paid out $12,450 for other claims arising out of the same accident. It was obligated to pay the balance of $7,550 towards plaintiff's judgment, but chose instead to appeal the award without posting a supersedeas bond. Plaintiff sought by garnishment to recover the amount due and owing under the terms of the policy and also interest on the entire amount of the judgment from the date of its entry until the balance of the policy limit was tendered or paid.

Plaintiff's claim for interest on the entire amount of the judgment against the garnishee's insured was based upon the following contractual provision appearing in the Dairyland policy in force on the day of the accident.

"2. Defense Settlement Supplementary Payment

"With respect to such insurance as is afforded by this policy for bodily injury liability and property damage liability, the company shall:

"(b) (2) pay all expenses incurred by the company, *all costs taxed against the insured in any suit and all interest accruing after the entry of judgment until the company has paid or tendered or deposited in court such part of such judgment as does not exceed the limits of*

*the company's liability thereon.* \* \* \* and the amounts so incurred, except settlement of claims and suits, are payable by the Company in addition to the applicable limit of liability of this policy." (Emphasis supplied.)

Dairyland admitted liability for $7,550, plus interest at 8 percent from the day of judgment. The trial court entered judgment for this amount but denied plaintiff's claim for interest at 8 percent on the remaining $162,450.

For several years this legal issue has engendered a considerable amount of litigation, resulting in a split of authority. As of 1961, the positions adopted by the courts on either side are summarized in 76 A. L. R. 2d at pages 984 to 987. After suggesting that the jurisdictions were fairly evenly divided, the annotator at page 987 states: "However, there seems to be a trend in favor of holding the insurer liable for interest on the entire amount of the judgment, as illustrated by the two most recent cases in which prior opposite holdings were disapproved. (Illinois and Texas) Thus, if a prognostication may be made as to which view uncommitted jurisdictions are more likely to adopt, the choice would be in favor of extending the liability of the insurer to the entire amount of the judgment because of the seemingly greater appeal of the arguments advanced in support of this theory, as best exemplified in River Valley Cartage Co. v. Hawkeye-Security Ins. Co. (1959), 17 Ill. 2d 242, 161 N. E. 2d 101, 76 A. L. R. 2d 978."

Since that annotation, the Later Case Service to 76 A. L. R. 2d, pp. 983 to 996, indicates that 10 states have followed those permitting interest on the entire judgment and only 1 is contra, so at the present time the overwhelming weight of authority is that the insurer is liable for interest on the entire amount of the judgment.

In River Valley Cartage Co., Inc. v. Hawkeye-Security Ins. Co. (1959), 17 Ill. 2d 242, 161 N. E. 2d 101, 76

A. L. R. 2d 978, Justice Schaefer, after referring to the
division of opinion on the point at that time, said: "It
might be enough to say that the ambiguity evidenced
by this division of opinion should be construed against
the insurer. * * * But we believe that there are other
and stronger reasons for holding that the phrase creates
liability for interest on the entire judgment.

"In the first place, the insurer's language compels
such a conclusion. The phrase referring to interest
uses the term 'judgment' without qualification while
in the same clause the phrase limiting the duration of
the liability for interest refers to 'such part of the
judgment as does not exceed the limit of the company's
liability thereon.' Obviously the insurer knew how to
qualify the term 'judgment' to achieve the result that
it urges. It did not do so.

"In addition, the realities of the relationship between
the insurer and the insured argue against the insurer's
interpretation. Under the terms of the policy the in-
surer had complete control of any litigation from which
it might incur liability. The insured can not settle with
the plaintiff without releasing the insurer from its ob-
ligation. Any delay that may cause the accumulation
of interest is thus the responsibility of the insurer. And
until it has discharged its obligations under the policy
it should bear the entire expense of this delay."

The majority interpretation of this clause takes cog-
nizance of the realities suggested by Justice Schaefer.
Further, it does not strain the wording of the clause to
reach this conclusion. Rather, as Justice Schaefer holds,
the language compels such a conclusion. It accords the
words used their ordinary meaning and holds the in-
surer responsible for all the interest accruing after judg-
ment, until such time as it has tendered into court the
amount due on the policy, exactly as the clause dictates.

The insurance industry itself has adopted the majority
view and in fact strongly urged its adoption by all called

upon to interpret the clause. See, Ramsey, "Interest on Judgments Under Liability Insurance Policies," Insurance Law Journal, No. 414 (July 1957), pp. 407, 411; Risjord and Austin, "Standard Family Automobile Policy," Insurance Law Journal, No. 411 (April 1957), p. 201; Gowan, "Provisions of Automobile and Liability Insurance Contracts," 30 Insurance Counsel Journal (1963), 96, 98.

We agree with the majority. The clause in question should be construed to require interest on the entire amount of the judgment until the company has paid, tendered, or deposited in court that part of the judgment which does not exceed the limit of the company's liability thereon. This would appear to be the only fair result and the only construction possible under our law.

Without question, if there is an ambiguity in the language used, as the earlier cases seemed to suggest, it should be construed most strictly against the insurance company which is responsible for that language.

The wording itself, *"all interest* accruing after the entry of the judgment until the company has paid or tendered or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon" cannot reasonably be interpreted otherwise. The insurer was capable of employing apt words to differentiate between a judgment and the company's portion thereof.

As the majority cases suggest, the insurance company controls the litigation and the insured acts at his peril in settling without the company's approval or consent. If we were to follow the minority rule, the insurer could litigate the entire case on appeal merely in an effort to save the amount of its coverage and thereby cause interest on the excess of the judgment to accumulate against the insured. Any such delay that may cause the accumulation of interest thus ought

to be the responsibility of the insurer. Unlike the insured, the company may relieve itself of liability for excess interest by paying, tendering, or depositing in court such part of the judgment as does not exceed the limits of the company's liability.

For the reasons given, the judgment is reversed and the cause remanded to the trial court for further proceedings in conformity with this opinion.

REVERSED AND REMANDED.