Peter STIBAL, Jr., a minor, by Peter R. STIBAL, his father and natural guardian, and Peter R. Stibal, individually, Appellants,

v.

James CARLAND, et al., Respondents.

No. C1–85–1791.

Court of Appeals of Minnesota.

Feb. 18, 1986.
Review Denied April 24, 1986.

Richard A. Lind, Kay Nord Hunt, Lommen, Nelson, Sullivan & Cole, P.A., Minneapolis, for appellants.

Arthur W. Priesz, Jr., Hagglund & Holmgren, Richard P. Mahoney, Mahoney, Dougherty & Mahoney, Minneapolis, for respondents.

Heard, considered and decided by LESLIE, and PARKER and CRIPPEN, JJ.

## OPINION

PARKER, Judge.

The Stibals were awarded a verdict against James Carland on May 22, 1984. In this garnishment action against Carland's insurer, respondent General Accident Insurance Co. of America, the Stibals seek interest on the verdict accruing from August 23, 1984, until the present time. General Accident responds that under its policy with Carland, its tender of the $50,-000 policy limit on August 22 effectively tolled its obligation to pay interest on the entire judgment. The trial court ordered General Accident to pay interest on the entire judgment from August 23, 1984, through February 1, 1985. We affirm in part, reverse in part, and remand.

## FACTS

The facts in this case are undisputed. General Accident Fire and Life Assurance Corp. had issued to James Carland a homeowner's policy which provided personal liability insurance with limits of $50,000 per occurrence. On May 22, 1984, the Stibals were awarded a verdict of $205,516.17 against James Carland. Carland's homeowner's policy with General Accident, insofar as payment of interest on judgments, provided:

>  2. Personal liability claim expenses: This company will pay:
>
>  *    *    *    *    *    *
>
> c. All interest on the entire amount of any judgment which accrues after entry of the judgment and before this company has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of this company's liability thereon * *.

On August 22, 1984, General Accident tendered only its policy limits of $50,000 to the Stibals. They rejected this tender because it did not include the interest owed on the entire judgment plus costs and disbursements. On September 13, 1984, judgment was entered for the amount of the verdict plus statutory interest of 9 percent from May 22, 1984, and costs of $392.85.

In December 1984 the Stibals commenced this garnishment action against General Accident for the amount of the judgment plus interest and costs. On February 1, 1985, General Accident tendered to the Stibals its policy limits, costs and interest that accrued on the entire verdict from the date of the verdict (May 22, 1984) through the date of its initial tender of the policy limits (August 22, 1984).

This second tender did not include any interest that had accrued subsequent to August 22, 1984. The Stibals agreed to accept the February tender while expressly reserving the right to contest whether the accrual of interest was tolled by General Accident's August 22, 1984, tender of only the policy limits. On August 2, 1985, the trial court held that a proper tender occurred on February 1, 1985, and further ordered General Accident to pay interest on the entire judgment from August 23, 1984, through February 1, 1985.

## ISSUE

Does General Accident owe the Stibals additional interest under the interest clause in James Carland's insurance policy?

## DISCUSSION

The critical issue in this appeal is whether General Accident's August 22, 1984, tender of the $50,000 policy limit alone tolled its obligation to pay interest on the entire judgment. The trial court ruled in the negative:

It is agreed that General Accident's August 22, 1984 tender was incomplete and ineffective because it did not include the amount of interest which had accrued on the judgment until the date of that tender. That amount, however, was tendered on February 1, 1985 which the Court feels was sufficient to terminate General Accident's obligation to pay interest after that date.

General Accident's policy of insurance requires them to pay interest on the entire judgment which accrues "before this Company has paid or tendered or deposited in court *that part of the judgment which does not exceed the limit of this company's liability thereon.*" [1] This language has caused a split in jurisdictions as to the duration of the insurer's liability for interest. General Accident argues that the word "thereon" at the end of the "standard interest clause" refers to the stated limits of the insurance policy, and therefore a complete tender is made when policy limits alone are tendered. *See Draper v. Great American Insurance Co.,* 224 Tenn. 552, 458 S.W.2d 428 (1970); *Levin v. State Farm Mutual Automobile Insurance Co.,* 510 S.W.2d 455 (Mo.1974).

The Stibals contend that "thereon" refers to the word "judgment" and that the insurer's liability for interest does not terminate until payment or tender of the insurer's entire liability on the judgment, which necessarily includes the policy limits, interest, and costs. *See River Valley*

*Cartage Co. v. Hawkeye-Security Insurance Co.,* 17 Ill.2d 242, 161 N.E.2d 101 (1959); *Home Indemnity Co. v. Muncy,* 449 S.W.2d 312, 316 (Tex.Civ.App.1970); *Security Insurance Co. of Hartford v. Houser,* 191 Colo. 189, 193, 552 P.2d 308, 311 (1976).

The division of opinion expressed by these cases illustrates that the "standard interest clause" is susceptible to two different constructions. When language of a policy is ambiguous or susceptible to different meanings, it must be given the meaning which is favorable to the finding of insurance coverage. *Nordby v. Atlantic Mutual Insurance Co.,* 329 N.W.2d 820, 822 (Minn.1983).

The purpose of the interest-on-judgment clause is to give the insurer an incentive to discharge its obligation promptly. It is reasonable to impose the expense of accrued interest upon the insurer in view of the "company's right to control the conduct of the suit and its power to escape liability for interest through the payment or tendering of its part of the judgment into court." *McPhee v. American Motorists Insurance Co.,* 57 Wis.2d 669, 680, 205 N.W.2d 152, 158 (1973).

In holding that tender of the policy limits alone did not operate to terminate the insurer's continuing obligation to pay interest on the entire judgment, the Illinois Supreme Court stated:

Since the insurer conceded that it was liable for some interest and costs at the time of the alleged tender, although it disputed the exact amount, it should have been clear to the insurer that it did not make a legally valid tender. While it is true that interest is a separate and distinct obligation from the judgment, *the provision in the policy only makes sense if the word "judgment" is read to include interest.* Otherwise the insurer could, by offering a sum that in most instances the judgment creditor would

---

**1.** We note that under the "standard interest clause" contained in the parties' insurance contract, interest on the judgment does not begin to accrue until *after* the entry of judgment. However, both parties agreed before the trial court and before this court on appeal that General Accident was obligated to pay interest from the time of the verdict.

have to refuse in order to preserve his full rights, free itself from the impact of the provision which is its incentive for speedily discharging its entire obligation.

*River Valley,* 17 Ill.2d at 246–247, 161 N.E.2d at 104 (emphasis added).

■ Requiring the insurer to include the full amount of interest due upon the date of tender thus fulfills two important policy goals. The meaning of an ambiguous insurance contract is construed to find coverage, and the prompt payment of judgments is rewarded. Accordingly, we affirm the trial court's ruling that General Accident's August 22, 1984, tender was incomplete and ineffective because it did not include the amount of interest which had accrued on the judgment until the date of tender. However, we reverse the trial court's ruling that the tender of this amount on February 1, 1985, was sufficient to terminate General Accident's obligation to pay interest after that date.

■ On February 1, 1985, the Stibals were entitled to interest on the entire verdict from May 22, 1984, to the date of this second tender. Nevertheless, General Accident tendered only the amount of interest which had accrued up until August 22, 1984. Thus, the second tender was also incomplete because it did not include interest earned from August 22, 1984, until February 1, 1985. General Accident's obligation to pay interest on the judgment continues until it tenders the full amount of interest due on the date of tender. The court in *River Valley* reached the same result:

> The question must be appraised in terms of the rights of the insured against the insurer, because by this garnishment proceeding the plaintiff seeks to reach the indebtedness of the insurer to the insured. A valid tender by the debtor must be "sufficient to cover all that the creditor then has a right to recover, whether of debt, interest or costs."

17 Ill.2d at 246, 161 N.E.2d at 104 (citation omitted).

## DECISION

We adopt the reasoning of *River Valley* and hold that General Accident is liable for the accrual of interest on the entire judgment through February 1, 1985 (minus the amount of interest paid), and for the accrual of interest on the full judgment (minus the policy limits) from February 2, 1985, to the date of payment or tender. We remand to the trial court for entry of judgment consistent with this opinion.

Affirmed in part, reversed in part, and remanded.