NOTICE

Decision filed 04/28/06. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-04-0794

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

BRIAN E. FARMER,

    Plaintiff-Appellant,

v.

COUNTRY MUTUAL INSURANCE
COMPANY,

    Defendant-Appellee.

) Appeal from the
) Circuit Court of
) Madison County.
)
) No. 98-L-847
)
)
) Honorable
) Clarence W. Harrison II,
) Judge, presiding.

_____

JUSTICE HOPKINS delivered the opinion of the court:

The plaintiff, Brian E. Farmer, obtained a $1.5 million judgment (the Brady judgment) against an insured of the defendant Country Mutual Insurance Company (Country Mutual). Farmer then obtained a judgment for $100,000, plus costs and interest, against Country Mutual for its failure to defend its insured (the Country Mutual judgment). Farmer filed this garnishment action (see 735 ILCS 5/12-701 (West 2004)) against Country Mutual to collect on the Country Mutual judgment. In its payout order, the circuit court determined that postjudgment interest accrued on the Brady judgment until it entered the Country Mutual judgment and that postjudgment interest accrued on the Country Mutual judgment thereafter.

On appeal, Farmer argues that postjudgment interest continues to accrue on the Brady judgment until Country Mutual pays the amount it owes him and that the circuit court erred in reducing the postjudgment interest amount to interest accruing on the Country Mutual judgment. We reverse and remand.

FACTS

1

Farmer was injured in an automobile collision caused by Brian Brady, who was insured by Country Mutual. Country Mutual refused to defend Brady against Farmer's action. On November 13, 1998, after an uncontested, nonjury trial, the circuit court entered the Brady judgment in favor of Farmer and against Brady for $1.5 million. Farmer released Brady from liability on sums in excess of Country Mutual's policy limits, and Farmer, as Brady's assignee, filed an action against Country Mutual for wrongfully failing to defend its insured. On December 10, 2001, the circuit court entered the Country Mutual judgment, holding that Country Mutual was liable to Farmer for the policy limits of $100,000, plus costs, plus statutory interest on the $1.5 million Brady judgment. Both parties appealed the Country Mutual judgment, and this court affirmed the circuit court's judgment. *Farmer v. Country Mutual Insurance Co.*, No. 5-02-0240 (2003) (unpublished order under Supreme Court Rule 23 (166 Ill. 2d R. 23)).

In an affidavit for nonwage garnishment (see 735 ILCS 5/12-701 (West 2002)) filed May 2, 2002, Farmer's attorney calculated postjudgment interest after December 10, 2001, on the Country Mutual judgment. On June 3, 2002, the circuit court entered an order noting that the parties had entered into an agreement regarding the enforcement of the judgment, authorizing the garnishee bank to return to Country Mutual any assets it was holding regarding the garnishment served on May 2, 2002, and releasing the garnishee bank from any further obligation to hold Country Mutual's funds pursuant to that garnishment.

On June 2, 2004, Farmer filed a second garnishment notice directed to Country Mutual. See 735 ILCS 5/12-701 (West 2004). On July 8, 2004, the circuit court entered an order requesting that on August 9, 2004, the parties submit proposed calculations of the judgment. On August 9, 2004, Farmer filed a written argument wherein he relied on case law and the language of the insurance policy issued by Country Mutual to Brady to argue that postjudgment interest accrued on the Brady judgment until Country Mutual paid the amount

2

it owed.

The insurance policy issued by Country Mutual to its insured provided, in pertinent part:

"In addition to the limits of liability stated on the declarations page, ***

***

We will also pay interest on the full amount of any judgment even if the judgment is higher than our limit of liability. We will pay this interest from the day the judgment is entered until we have paid, offered, or deposited our portion of the judgment in court. This payment, offer[,] or deposit will not exceed our full limit of liability indicated on the declarations page."

On May 17, 2004, Country Mutual paid Farmer $609,703.27, which Farmer deposited on July 13, 2004. On August 18, 2004, the circuit court entered a payout order, calculating the judgment of December 10, 2001, as $610,141.57, as of May 17, 2004, "with interest accruing thereon at the rate of 9% annually." On August 31, 2004, Country Mutual paid Farmer an additional $449.71. On September 8, 2004, Farmer filed a motion to reconsider, which the circuit court denied on November 18, 2004. On December 17, 2004, Farmer filed his timely notice of appeal.

## ANALYSIS

Farmer argues that the circuit court erred in calculating the amount of interest that Country Mutual owes Farmer. Country Mutual argues that Farmer waived his argument that he is entitled to continuing judgment interest on the Brady judgment until Country Mutual pays its amount due, because (1) he raises it for the first time on appeal, (2) he requested the circuit court to calculate postjudgment interest on the Brady judgment at the time it entered the Country Mutual judgment, (3) in an April 24, 2002, letter to opposing counsel, his counsel calculated postjudgment interest on the Country Mutual judgment amount, and (4)

3

during summary judgment proceedings before the Country Mutual judgment and during the prior appeal to this court, he failed to argue that postjudgment interest accrued on the Brady judgment until it was paid.

On August 9, 2004, Farmer filed a written argument wherein he argued that postjudgment interest accrued on the Brady judgment until Country Mutual paid the amount it owed. Farmer argued his right to continuing interest on the Brady judgment prior to the circuit court's payout order of August 18, 2004, from which Farmer appeals. Therefore, Farmer did not waive the issue for purposes of appellate review. See *Chandler v. Doherty*, 299 Ill. App. 3d 797, 806 (1998) (the plaintiffs properly asserted their right to interest from the date of the underlying judgment in their complaint for a citation and an order of garnishment, but because the defendant-insurer did not respond to the plaintiffs' assertion, the defendant-insurer waived the issue for appeal). Farmer also argued, in the August 9, 2001, motion for a summary judgment at issue during the prior appeal of this case, that Country Mutual had a contractual duty to pay interest on the full amount of any judgment, even if the judgment is higher than its limit of liability, until it pays the amount due.

Further, the rule of waiver is a limitation on the parties and not the courts. *Geise v. Phoenix Co. of Chicago, Inc.*, 159 Ill. 2d 507, 514 (1994). Country Mutual concedes that interest accrued on the Brady judgment until December 10, 2001. The issue of whether interest continued to accrue on the Brady judgment entered on November 13, 1998, or began to accrue on the Country Mutual judgment entered on December 10, 2001, did not originate until Country Mutual failed to immediately pay the December 10, 2001, judgment amount. At that time, the conflict arose regarding whether postjudgment interest was accruing on the Country Mutual judgment or the Brady judgment. In its payout order, the circuit court reduced the statutory interest amount accruing after December 10, 2001, allowing Country Mutual to benefit from the judgment entered against it for failing to defend its insured.

4

Accordingly, in exercising our responsibility for a just result and the maintenance of a sound and uniform body of precedent, we consider Farmer's argument that postjudgment interest continues to accrue on the underlying Brady judgment, until Country Mutual pays its amount due. See *Geise*, 159 Ill. 2d at 514.

Country Mutual also argues that Farmer cannot revitalize the insurance policy's terms to argue that he is entitled to postjudgment interest on the Brady judgment until Country Mutual pays its amount due, because the insurance policy's terms have become merged into the Country Mutual judgment. See *Doerr v. Schmitt*, 375 Ill. 470 (1941).

In *Doerr*, the supreme court held that if a party obtains a final judgment based upon a contract, that contract can never again become the basis of a suit between the same parties. *Doerr*, 375 Ill. at 472. The contract upon which the proceeding was based becomes merged in the court's judgment. *Doerr*, 375 Ill. at 472. However, to give just effect to a judgment, courts may look behind the judgment to see upon what it is founded. *Doerr*, 375 Ill. at 472; *Meeker v. Gray*, 142 Ill. App. 3d 717, 726 (1986).

In this situation, the defense of merger does not apply because the judgment previously obtained on the insurance policy issued by Country Mutual was in the present case. See *White Way Sign & Maintenance Co. v. Seltzer Pontiac, Inc.*, 56 Ill. 2d 342, 344 (1974); *Chandler v. Doherty*, 314 Ill. App. 3d 320, 323-24 (2000) (a garnishment is a statutory remedy for the enforcement of a judgment and is not a separate suit but an ancillary step in the original action); see also *Lincoln Park Federal Savings & Loan Ass'n v. Carrane*, 192 Ill. App. 3d 188, 192 (1989) (no merger occurred to bar a claim against the guarantor because, *inter alia*, "the judgment order previously obtained on the note was in this same action").

Additionally, we must look behind the Country Mutual judgment to give the judgment its just effect. The Country Mutual judgment entered on December 10, 2001, included

5

interest on the underlying Brady judgment. To determine whether, after December 10, 2001, the statutorily mandated postjudgment interest (see 735 ILCS 5/2-1303 (West 2004)) continues to accrue on the underlying Brady judgment or begins to accrue on the Country Mutual judgment, we must look beyond the Country Mutual judgment, applying postjudgment interest rules in light of the insurance policy provisions in question, to give the judgment its just effect. See *Halloran v. Dickerson*, 287 Ill. App. 3d 857, 864 (1997).

Country Mutual also argues that Farmer is judicially estopped from arguing that he is entitled to continuing interest on the Brady judgment until Country Mutual pays its amount due, because he previously took an inconsistent position before the circuit court. Country Mutual argues that because Farmer's attorney submitted an affidavit in the first garnishment action in 2002 and calculated postjudgment interest on the Country Mutual judgment, Farmer cannot now argue that he is entitled to continuing postjudgment interest on the Brady judgment. Country Mutual argues that Farmer was successful in asserting this previous, inconsistent position because the circuit court entered an order denying Country Mutual's motion to stay the enforcement of the judgment pending the prior appeal.

"The doctrine of judicial estoppel provides that when a party assumes a certain position in a legal proceeding, that party is estopped from assuming a contrary position in a subsequent legal proceeding." *People v. Coffin*, 305 Ill. App. 3d 595, 598 (1999). The doctrine has five requirements:

> "*First*, the two positions must be taken by the same party. *Second*, the positions must be taken in judicial proceedings. *Third*, the positions must be given under oath. *Fourth*, the party taking the positions must have been successful in maintaining the first position, receiving some benefit thereby in the first proceeding. *Fifth*, the two positions must be totally inconsistent–the truth of one must necessarily preclude the truth of the other." (Emphasis in original.) *Department of Transportation v. Coe*, 112

6

Ill. App. 3d 506, 509-10 (1983).

In the present case, Farmer's calculations were made during this action. See *White Way Sign & Maintenance Co.*, 56 Ill. 2d at 344 (a garnishment is an ancillary proceeding and is not a distinct or separate suit from the original action for judgment). Therefore, Farmer's calculations were not made in separate proceedings, as required for the doctrine of judicial estoppel to apply. See *Horwitz v. Bankers Life & Casualty Co.*, 319 Ill. App. 3d 390, 400-01 (2001) (the actions and statements were made during the same action; therefore, the separate-proceedings requirement of judicial estoppel was not met).

Additionally, Farmer did not receive a benefit from his previous position. In an affidavit for nonwage garnishment filed on May 2, 2002, Farmer sought a nonwage garnishment for the Country Mutual judgment under the calculation that Country Mutual now advances, *i.e.*, postjudgment interest applied to the Country Mutual judgment, as opposed to the Brady judgment. However, on June 3, 2002, the circuit court entered an order noting that the parties had entered into an agreement regarding the enforcement of the judgment, authorizing the garnishee bank to return to Country Mutual any assets it was holding regarding the garnishment served on May 2, 2002, and releasing the garnishee bank from any further obligation to hold Country Mutual's funds pursuant to that garnishment. The circuit court did not issue a final order determining the garnishment amount in the 2002 garnishment proceedings, and Farmer did not execute on the garnished sums. As a result, in 2004, Farmer was required to file the second garnishment action resulting in the August 18, 2004, payout order at issue here. See 735 ILCS 5/2-616(a) (West 2002) ("At any time before final judgment amendments may be allowed on just and reasonable terms, *** in any matter, either of form or substance, in any process, pleading, *** or proceedings, which may enable the plaintiff to sustain the claim for which it was intended to be brought ***"). Therefore, Farmer did not receive a benefit from his previous position in the 2002 garnishment

7

proceedings, as required for the doctrine of judicial estoppel to apply. See *Horwitz*, 319 Ill. App. 3d at 400-01. Accordingly, Farmer is not judicially estopped from requesting postjudgment interest to be calculated on the underlying Brady judgment until Country Mutual pays its amount due.

Farmer argues that Country Mutual is liable for interest that accrues on the underlying Brady judgment that was entered on November 13, 1998, until Country Mutual pays its amount due. Country Mutual argues that interest ceased to accrue on the Brady judgment when the circuit court entered a judgment against Country Mutual on December 10, 2001. Country Mutual argues that after December 10, 2001, interest accrued only on the Country Mutual judgment.

Illinois law provides for the statutorily mandated accrual of interest after a judgment, to compensate the judgment creditor for the use of his money. 735 ILCS 5/2-1303 (West 2004). Section 2-1303 of the Code of Civil Procedure provides, in pertinent part:

> "Judgments recovered in any court shall draw interest at the rate of 9% per annum from the date of the judgment until satisfied ***. When judgment is entered upon any award, report[,] or verdict, interest shall be computed at the above rate, from the time when made or rendered to the time of entering judgment upon the same, and included in the judgment. Interest shall be computed and charged only on the unsatisfied portion of the judgment as it exists from time to time. The judgment debtor may[,] by tender of payment of judgment, costs[,] and interest accrued to the date of tender, stop the further accrual of interest on such judgment notwithstanding the prosecution of an appeal[] or other steps to reverse, vacate[,] or modify the judgment." 735 ILCS 5/2-1303 (West 2004).

The "judgment" consists of the verdict amount plus costs plus accrued interest from the date of the verdict to the date the judgment is entered. *Halloran*, 287 Ill. App. 3d at 863.

8

Although the interest accruing is simple interest and not compound interest, when interest on the judgment is computed, a part of the judgment earning interest could be interest that accrued between the verdict and the judgment. *Halloran*, 287 Ill. App. 3d at 863-64. "Nothing less than full, formal tender in compliance with the statute will operate to stop the accrual of interest of the judgment." *Halloran*, 287 Ill. App. 3d at 862.

We apply postjudgment interest rules in light of the insurance policy provisions in question. *Halloran*, 287 Ill. App. 3d at 864. In *River Valley Cartage Co. v. Hawkeye-Security Insurance Co.*, 17 Ill. 2d 242, 243 (1959), Velma Sawyer obtained a judgment for $175,000 in a personal injury action against River Valley Cartage Company. Sawyer died and her estate commenced garnishment proceedings against the insurance company, which had insured River Valley Cartage Company against liability to the extent of $50,000. *River Valley Cartage Co.*, 17 Ill. 2d at 243. The circuit court entered a judgment against the insurance company for $68,350.57, representing $50,000 due under the policy, in addition to interest on the entire judgment of $175,000 from the date of its entry to the date of the judgment in the garnishment proceeding. *River Valley Cartage Co.*, 17 Ill. 2d at 243.

The supreme court in *River Valley Cartage Co.* was called upon to interpret the clause in the insurer's policy obligating the insurance company to pay " 'all interest accruing after entry of judgment until the company has paid, tendered[,] or deposited in court such part of the judgment as does not exceed the limit of the company's liability thereon.' " *River Valley Cartage Co.*, 17 Ill. 2d at 244. The supreme court held that this language created liability for interest on the entire $175,000 judgment and that the insurance company's obligation for interest on the entire $175,000 continued until the insurer discharged its obligations under the policy. *River Valley Cartage Co.*, 17 Ill. 2d at 245; see also *Gass v. Carducci*, 52 Ill. App. 2d 394, 402 (1964) (the insurance company must pay interest on the entire judgment rendered against its insured, rather than merely on the part of the judgment for which the insurance

9

company is liable under its limits-of-liability clause, until the company pays that part of the judgment that it is obligated to pay under the contract terms).

In *Halloran*, John Halloran died as a result of an automobile accident with another vehicle operated by James Dickerson and owned by Debra Roberson. *Halloran*, 287 Ill. App. 3d at 859. Union Automobile Insurance Company (Union) assumed the defense of Dickerson and Roberson pursuant to the defense provisions of its insurance policy, and a jury returned a verdict in favor of Halloran in the amount of $2.5 million. *Halloran*, 287 Ill. App. 3d at 859. In addition to a $25,000-per-person bodily injury limit, the policy issued by Union provided that Union would pay " '[i]nterest accruing after a judgment is entered in any suit' " it defended and that its duty to pay interest ceased only when Union offered " 'to pay that part of the judgment which does not exceed [its] limit of liability for this coverage.' " *Halloran*, 287 Ill. App. 3d at 859-60. On appeal, this court determined that Union was liable for $25,000 of bodily injury coverage, along with continuing interest on $2,501,991.60 ($2.5 million verdict plus $1,991.60 costs) until its $25,000 limit was paid and that the $25,000 bodily injury coverage liability would not be reduced until all the accrued interest was paid. *Halloran*, 287 Ill. App. 3d at 864.

In the present case, the circuit court's payout order calculated postjudgment interest on the Brady judgment until December 10, 2001, and then incorrectly calculated postjudgment interest on the Country Mutual judgment entered on December 10, 2001. The insurance policy issued by Country Mutual obligated it to pay interest on the full amount of the Brady judgment until it paid its portion of the judgment. In other words, the policy obligated Country Mutual to pay interest on the Brady judgment (Brady judgment = $1.5 million less $55,000 paid by State Farm Insurance Company plus costs) until Country Mutual paid that part of the judgment which it was obligated to pay under the insurance policy (*i.e.*, amount due = $100,000 plus costs plus statutory interest accruing on the Brady judgment until

10

Country Mutual pays the amount due). Country Mutual must tender the full amount it owes to stop its obligation for interest that accrues on the unsatisfied portion of the Brady judgment. See *Halloran*, 287 Ill. App. 3d at 864.

We therefore remand this cause to the circuit court to determine the amount Country Mutual owes Farmer in light of Country Mutual's payment, our order herein, and our decision in *Halloran* (287 Ill. App. 3d at 869-70). We direct the circuit court to credit the amount paid by Country Mutual as a partial payment of the amount owed, apply the payment first to the postjudgment interest that has accrued on the unsatisfied portion of the Brady judgment, and after all the interest has been paid, reduce the Country Mutual judgment amount. See *Halloran*, 287 Ill. App. 3d at 864.

CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Madison County is reversed, and the cause is remanded to the circuit court for further proceedings consistent with this opinion.

Reversed; cause remanded.

GOLDENHERSH and CHAPMAN, JJ., concur.

11