FIFTH DIVISION
February 10, 2011

No. 1-10-1228

| | |
|---|---|
| DEBORAH ORLANDO COONEY, Individually and on Behalf of All Others Similarly Situated, ) ) | |
| Plaintiff-Appellant, ) | Appeal from the Circuit Court of Cook County |
| v. ) | No. 09 CH 22744 |
| LESLEY MAGNABOSCO, Individually and on Behalf of All Others Similarly Situated, THE DEPARTMENT OF CHILDREN AND FAMILY SERVICES, and THE DEPARTMENT OF FINANCIAL AND PROFESSIONAL REGULATION, ) ) ) ) ) ) | Honorable Mary Anne Mason, Judge Presiding. |
| Defendants-Appellees. ) | |

JUDGE EPSTEIN delivered the judgment of the court, with opinion.

**Justices Joseph Gordon and Howse** concurred in the judgment and opinion.

OPINION

Plaintiff-appellant, Deborah Orlando Cooney, appeals the involuntary dismissal of her complaint with prejudice pursuant to sections 2-615 and 2-619 of the Illinois Code of Civil Procedure (735 ILCS 5/2-615, 2-619 (West 2008)). She maintains, inter alia, that the trial court erroneously construed the Illinois Certified Shorthand Reporters Act of 1984 (225 ILCS 415/1 et seq. (West 2008)) (the Act), on which all her claims are based, and that the trial court abused its discretion in denying her leave to amend her complaint. For the reasons below, we affirm.

BACKGROUND

In 2005 plaintiff appealed an indicated finding of abuse against her by the Illinois Department of Children and Family Services (DCFS). Lesley Magnabosco, who is not certified under the Act, allegedly "reported" those proceedings. In July 2009 plaintiff filed the instant lawsuit against

Magnabosco, DCFS, and the Illinois Departments of Financial and Professional Regulation (IDFPR), maintaining, individually and on behalf of all others similarly situated, that DCFS violated and continues to violate the Act by using uncertified individuals like Magnabosco to report its administrative proceedings. Section 3 of the Act prohibits anyone from "practic[ing] shorthand reporting on a temporary or permanent basis in this State without being certified under this Act. Th[e] Act does not prohibit any nonresident practicing shorthand reporter from practicing shorthand reporting in this State on a purely temporary basis with reference to one single proceeding." 225 ILCS 415/3 (West 2008).

> " 'The practice of shorthand reporting' means reporting, by the use of any system of manual or mechanical shorthand writing, of *** proceedings of an administrative agency when the final decision of the agency with reference thereto is likely to be subject to judicial review under the provisions of the Administrative Review Law."
> 225 ILCS 415/4(4) (West 2008).

Plaintiff claimed breach of the Act (count I) and aiding and betting violations of the Act (count II), and she sought a declaration that defendants' conduct violates the Act (count III). Defendants each moved to dismiss the complaint. IDFPR maintained, pursuant to section 2-619(a)(1), that plaintiff's claims are barred by the doctrine of sovereign immunity and that the Act does not authorize claims against IDFPR. DCFS contended, pursuant to section 2-619(a)(1), that the instant lawsuit was one of several retaliatory lawsuits by plaintiff against it, that there is no private right of action under the Act, and that plaintiff's claims are barred by the doctrine of sovereign immunity. Magnabosco argued that no private right of action exists under the Act. She also claimed, pursuant to section 2-615, that

plaintiff's conclusory allegations did not state a claim under the Act, and that, pursuant to section 2-619, Magnabosco did not engage in shorthand reporting because she was not present at plaintiff's administrative proceedings and merely transcribed an audio tape DFCS provided to her employer. Magnabosco submitted an affidavit in support of her motion, as well a copy of the certification allegedly provided to plaintiff with the transcript of her proceedings that states:

> "I, Lesley Magnabosco, have transcribed the proceedings of said hearing by listening to an audio cassette tape, and that the foregoing is a true and correct transcript of my type written notes so taken aforesaid off said audio cassette tape and contains the proceedings given at said hearing off of said audio cassette tape as could be heard to the best of my ability."

Plaintiff responded by seeking discovery pursuant to Supreme Court Rule 191(b) (Ill. S. Ct. R. 191(b) (eff. July 1, 2002) claiming Magnabosco's affidavit and certification were conclusory and that discovery was needed to determine

> "exactly how Magnabosco transcribes the tapes and whether the machine she uses could be deemed a 'system of mechanical shorthand writings' under the Act. As Magnabosco's own affidavit indicates, her transcription process took place oustide of Plaintiff's presence. (See, Magnabosco affidavit ¶ 14). Plaintiff needs to conduct discovery to learn exactly how Magnabosco generates DCFS reports of proceedings."

The trial court stayed Magnabosco's section 2-619 motion and denied plaintiff's motion for discovery as moot. It nevertheless considered Magnabosco's certification in ruling on defendants' motions, stating:

"I know that I said I wasn't going to require you to brief the 2-619, but I can take judicial notice of this certification that Ms. Magnabosco attached to her Motion to Dismiss, and it says 'I, Lesley Magnabosco, have transcribed the proceeding of said hearing by listening to an audio cassette tape.' That's not using a system of manual or mechanical shorthand."

The trial court then dismissed plaintiff's claims against Magnabosco with prejudice, stating:

"[T]he Complaint alleges summarily that [Magnabosco] performed the function of a shorthand reporter, but her certification of the proceedings indicates that she had listened to an audio tape. Certified shorthand reporting is licensed under the State of Illinois. Listening to an audio tape is not.

I do not find that listening to an audio tape falls within the ambit of a statute which governs the manual or mechanical use of a system of shorthand reporting. I believe that allegation is unavailing as a matter of law. And so for those reasons the motions to dismiss are granted without leave to re-plead.

* * *

To the extent that I have taken judicial notice of Ms. Magnabosco's certification, to that extent the 2-619 motion is granted as well.

* * *

[P]laintiffs do not contest that she listed to an audio tape, that she was not present at the proceedings, that she did not appear at the proceedings as a shorthand reporter, I believe the plaintiffs in good faith do not contest that. Her certfciation stays

4

'I listened to an audio tape and this is what I heard on the tape.'

I find that those matters, as to which there really is no controversy, do not bring her within the scope of the statute that the plaintiffs rely on, and for those reasons the motion is granted."

The trial court also granted the departments' section 2-619 motions to dismiss, concluding that plaintiff's claims are barred by the doctrine of sovereign immunity. Plaintiff's motion to reconsider or file an amended complaint was denied. She now appeals, claiming that the trial court erroneously construed the Act and erroneously considered Magnabosco's certification, that her claims do not fall within the sovereign immunity doctrine, and that the trial court should have allowed her proffered amended complaint.

## ANALYSIS

### A. Plaintiff Has Not Pled a Section 23.1(b) Claim

While defendants moved to dismiss plaintiff's claims pursuant to both sections 2-615 and 2-619, we need not reach the section 2-619 grounds for dismissal, for it is clear plaintiff has not stated a claim under section 2-615.

"A section 2-615 motion to dismiss challenges the legal sufficiency of a complaint based on defects apparent on its face. [Citation.] A cause of action should not be dismissed pursuant to a section 2-615 motion unless it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to relief. [Citation.] In ruling on such a motion, only those facts apparent from the face of the pleadings, matters of which the court can take judicial notice, and judicial admissions in the

record may be considered. [Citation.] We accept as true all well-pleaded facts and all reasonable inferences that may be drawn from those facts. [Citation.] However, a plaintiff may not rely on mere conclusions of law or fact unsupported by specific factual allegations. [Citation.] We review *de novo* an order granting a section 2-615 motion to dismiss." *Pooh-Bah Enterprises, Inc. v. County of Cook*, 232 Ill. 2d 463, 473 (2009).

Here, IDPFR and DCFS maintain that plaintiff's complaint was properly dismissed with prejudice because, *inter alia*, the Act does not provide an implied or express private right of action against them, and plaintiff has not stated a section 23.1(b) (225 ILCS 415/23.1(b) (West 2008)) claim against Magnabosco. Plaintiff responds that this argument has been waived because it was not raised before the trial court and that she "never asserted that she had an implied private right of action as a basis for her claims, but instead clearly brought her claims under the express provisions set forth in section 23.1(b) of the Act."

"While an appellant who fails to raise an issue in the trial court waives that issue, an appellee may raise an issue on review that was not presented to the trial court in order to sustain the judgment, as long as the factual basis for the issue was before the trial court." *DOD Technologies v. Mesirow Insurance Services, Inc.*, 381 Ill. App. 3d 1042, 1050 (2008). In any event, "the rule of waiver is a limitation on the parties and not the courts." *Farmer v. Country Mutual Insurance Co.*, 365 Ill. App. 3d 1046, 1050 (2006). We "can affirm the trial court on any basis that appears in the record, regardless of whether the trial court relied upon such ground or whether its rationale was correct." *Bowers v. State Farm Mutual Automobile Insurance Co.*, 403 Ill. App. 3d 173, 176 (2010). It is clear

here that plaintiff has not stated a claim under section 23.1(b), an issue of statutory interpretation the trial court did not reach.

"The primary goal of construing the meaning of a statute is to ascertain and give effect to the intent of the legislature. The most reliable indicator of such intent is the statutory language, which must be given its plain and ordinary meaning. A statute is viewed as a whole. Therefore, words and phrases must be interpreted in light of other relevant provisions of the statute and must not be construed in isolation. [Citations.] Accordingly, in determining legislative intent, a court may properly consider not only the language of the statute, but also the purpose and necessity for the law, the evils sought to be remedied and the goals to be achieved, and the consequences that would result from construing the statute one way or the other." *Hubble v. Bi-State Development Agency of the Illinois-Missouri Metropolitan District*, 238 Ill. 2d 262, 268 (2010).

"When undertaking the interpretation of a statute, we must presume that when the legislature enacted the law, it did not intend to produce absurd, inconvenient or unjust results." *In re Estate of Wilson*, 238 Ill. 2d 519, 560 (2010).

Section 23 mandates, in relevant part:

"(a) If any person violates the provisions of this Act, the Director may, in the name of the People of the State of Illinois, through the Attorney General of the State of Illinois, petition for an order enjoining such violation or for an order enforcing compliance with this Act. Upon the filing of a verified petition in such court, the court

7

may issue a temporary restraining order, without notice or bond, and may preliminarily and permanently enjoin such violation. If it is established that such person has violated or is violating the injunction, the court may punish the offender for contempt of court. Proceedings under this Section shall be in addition to, and not in lieu of, all other remedies and penalties provided by this Act.

(b) If any person shall practice as a *certified shorthand reporter* or hold himself out as a *certified shorthand reporter* without being licensed under the provisions of this Act then any certified shorthand reporter, any interested party or any person injured thereby may, in addition to the Director, petition for relief as provided in subsection (a)." (Emphasis added.) 225 ILCS 415/23.1(a), (b) (West 2008).

Again, " '[s]horthand reporter' means a person who is technically qualified and certified under this Act to practice shorthand reporting." 225 ILCS 415/4(5) (West 2008). The Act further provides:

"Every person to whom a valid existing certificate as a certified shorthand reporter has been issued under this Act shall be designated as a Certified Shorthand Reporter and not otherwise, and any such certified shorthand reporter may, in connection with his or her practice of shorthand reporting, use the abbreviation 'C.S.R.' or the title 'Court Reporter.' No person other than the holder of a valid existing certificate under this Act shall use the title or designation of 'Certified Shorthand Reporter', 'Court Reporter', or 'C.S.R.', either directly or indirectly in connection with his or her profession or business." 225 ILCS 415/5 (West 2008).

Consequently, unlike the broad authority that is granted to the Director of Professional Regulation under section 23.1(a), the private right of action in section 23.1(b) is limited to enforcing the Act's prohibition against the unauthorized practice as a certified shorthand reporter or the unauthorized use of that title. Plaintiff does not allege here in either her original or proffered amended complaint that Magnabosco practiced, or held herself out, as a shorthand reporter, let alone a *certified* shorthand report. Plaintiff argues instead:

> "As explained in Plaintiff[-]Appellant's Brief and alleged in her Complaint, Magnabosco engaged in the practice of shorthand reporting. (See, App. Br., section I; and R. C00006; A. 00004). **The Act provides that '[n]o person may practice shorthand reporting on a temporary or permanent basis in this State without being certified under this Act**.' **225 ILCS 415/3.** Therefore, if Magnabosco was engaged in the practice of shorthand reporting, she was implicitly holding herself out to be licensed under the Act. Plaintiff was not able to conduct discovery on the issue as to the extent Magnabosco actually represented herself to be certified, as Plaintiff's request for discovery on this very issue was denied." (Emphasis in original.)

This argument fails. We reject the notion that anyone who uses shorthand to report a proceeding in this state is automatically practicing as a "certified shorthand reporter" or holding herself out as such. In order to state a claim under the narrow confines of section 23.1(b), plaintiff must plead and prove that defendant actually practiced and/or held herself out as a certified shorthand reporter. Plaintiff has not and cannot do so here, for she admits she does not know whether Magnabosco engaged in such conduct. Discovery cannot be used as fishing expedition to build speculative claims. We affirm the

dismissal of plaintiff's complaint with prejudice pursuant to section 2-615. All her claims, which she admits are brought pursuant to section 23.1(b), cannot lie. We therefore need not, and do not, reach the other grounds addressed by the parties and the trial court.

### B. The Trial Court Did Not Abuse Its Discretion

"In Illinois, courts are encouraged to freely and liberally allow the amendment of pleadings. [Citations.] Notwithstanding that liberal policy, a party's right to amend is not absolute and unlimited. [Citation.] The decision whether to grant leave to amend a pleading rests within the sound discretion of the trial court. [Citation.] Absent an abuse of that discretion, its decision will not be disturbed on review. [Citation.] Among the factors to be considered in determining whether or not to permit an amendment to the pleadings are whether the amendment would cure a defect in the pleadings; whether the other party would be prejudiced or surprised by the proposed amendment; timeliness of the proposed amendment; and whether there were previous opportunities to amend the pleadings." *Lee v. Chicago Transit Authority*, 152 Ill. 2d 432, 467-68 (1992).

"Of course, if the amendment would not have cured a defect in the pleading, the other factors are superfluous." *Bates v. Richland Sales Corp.*, 346 Ill. App. 3d 223, 230 (2004).

Here, plaintiff's proffered amended complaint reasserts her section 23.1(b) claims, which were properly dismissed with prejudice, and it adds a fourth claim for *mandamus*.

"*Mandamus* relief is an extraordinary remedy to enforce, as a matter of right, the performance of official duties by a public official where the official is not

10

exercising discretion. A court will not grant a writ of *mandamus* unless the petitioner can demonstrate a clear, affirmative right to relief, a clear duty of the official to act, and clear authority in the official to comply with the writ. The writ will not lie when its effect is to substitute the court's judgment or discretion for the official's judgment or discretion. *Mandamus* relief, therefore, is not appropriate to regulate a course of official conduct or to enforce the performance of official duties generally. [Citation.] An exception to this general rule, however, is that *mandamus* will lie to prevent a clear abuse of discretion or to control the exercise of discretion in a manner consistent with the applicable rule of law." *Hatch v. Szymanski*, 325 Ill. App. 3d 736, 739 (2001).

Plaintiff alleges in her proffered amended complaint that, *inter alia*, the "Department has a clear duty to investigate violations of the Act," and that she triggered that duty by complying with section 2105-100(b) of the Illinois Civil Administrative Code, which provides:

"The Department may upon its own motion and shall upon the verified complaint in writing of any person, provided the complaint or the complaint together with evidence, documentary or otherwise, presented in connection with the complaint makes a prima facie case, *investigate the actions of any person holding or claiming to hold a certificate.*" (Emphasis added.) 20 ILCS 2105/2105-100(b) (West 2008).

Plaintiff does not, however, allege in her pleading that Magnabosco holds or claims to hold a certificate with IDPFR, absent which section 2105-100(b) is inapplicable. Plaintiff's proffered amended complaint does not state a claim for relief. The trial court correctly denied plaintiff leave to

11

file that pleading.

## CONCLUSION

We affirm the trial court's dismissal of plaintiff's original complaint. Plaintiff did not state a claim under section 23.1(b). Moreover, the trial court properly disallowed plaintiff's proffered amended complaint. That pleading does not state a claim for relief.

Affirmed.