**Illinois Official Reports**

---

*Asian Human Services Family Health Center, Inc. v. Asian Human Services, Inc.*,
**2020 IL App (1st) 191049**

---

| | |
|---|---|
| Appellate Court Caption | ASIAN HUMAN SERVICES FAMILY HEALTH CENTER, INC., Plaintiff and Counterdefendant, v. ASIAN HUMAN SERVICES, INC., and BRIDGEVIEW BANK GROUP, Defendants (Asian Human Services, Inc., Counterplaintiff and Third-Party Plaintiff-Appellant; James Wong, Third-Party Defendant-Appellee). |
| District & No. | First District, Fifth Division No. 1-19-1049 |
| Filed | February 14, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 18-CH-08866; the Hon. Anna M. Loftus, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Martin J. O'Hara and Shawn M. Staples, of Much Shelist, P.C., of Chicago, for appellant. Thomas F. Falkenberg, of Falkenberg Ives LLP, of Chicago, for appellee. |

JUSTICE HALL delivered the judgment of the court, with opinion. Presiding Justice Hoffman and Justice Rochford concurred in the judgment and opinion.


## OPINION

¶ 1        Third-party plaintiff-appellant, Asian Human Services, Inc. (appellant, AHS), filed the instant appeal arising from a trial court order granting the third-party defendant-appellee, James Wong's (appellee), section 2-619 (735 ILCS 5/2-619 (West 2018)) motion to dismiss the appellant's third-party complaint for breach of fiduciary duty. For the foregoing reasons, we affirm.

¶ 2                                    BACKGROUND

¶ 3        The underlying complaint, filed by Asian Human Services Family Health Center, Inc. (AHSFHC), on July 16, 2018, involved a declaratory judgment action, which alleged that between July 15, 2012, and April 30, 2018, AHSFHC and appellant entered into a contract for appellant to provide certain services to AHSFHC, including health promotion and administrative support, and engaged appellant's finance director as the part-time director for AHSFHC.

¶ 4        On September 20, 2018, appellant filed a counterclaim against AHSFHC[1] and a third-party complaint against appellee, its independent auditor, alleging breach of fiduciary duty. Appellant's third-party complaint alleged in relevant part that appellee acted as appellant's independent auditor since 2003, appellant placed its trust in appellee and relied heavily on his judgment as appellant's "long-time advisor and auditor," appellee "served an integral role in AHS's hiring process for four separate Chief Financial Officers," appellee worked extensively with appellant throughout the audit process, and appellee gained superiority and influence over appellant. Appellant alleged that appellee owed it fiduciary duties as a result of "special circumstances" and that appellee breached these duties by, among other things:

> "a. AHS's 2017 financials, which were signed off by Mr. Wong in his capacity and AHS's independent auditor, served as a basis for Plaintiff's improper and ineffective attempts to terminate the Agreement for cause; and
>
> b. On June 5, 2018, Mr. Wong, acting in his capacity as Plaintiff's Chief Financial Officer, told representatives from HRSA that he had been working with Plaintiff 'for about a year' in a transition of Plaintiff away from AHS. However, at no time did Mr. Wong disclose to AHS that he was working with Plaintiff to transition away from AHS, to even disclose that Plaintiff was working in transition away from AHS at all."

¶ 5        On November 1, 2018, appellee filed a section 2-619 (*id.*) motion to dismiss appellant's third-party complaint arguing that (1) independent auditors do not stand in a fiduciary relationship with their clients and (2) there were no special circumstances that created a fiduciary relationship. Therefore, as a matter of law, appellant's third-party complaint should be dismissed. After briefing and oral argument on the motion, on May 8, 2019, the trial court

---

[1]Appellant's counterclaim against AHSFHC is not a part of this appeal.

granted appellee's motion to dismiss, with prejudice, and included Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) language. Appellant filed the instant timely appeal.

¶ 6                                                                       ANALYSIS

¶ 7         Appellant raises one issue on appeal: whether the trial court erred by granting appellee's section 2-619 motion to dismiss its third-party complaint alleging a breach of fiduciary duty.

¶ 8         A section 2-619 motion to dismiss provides for the involuntary dismissal of a cause of action based on certain defects or defenses. 735 ILCS 5/2-619 (West 2018); *Richter v. Prairie Farms Dairy, Inc.*, 2016 IL 119518, ¶ 18. In ruling on the motion, the circuit court must interpret all pleadings and supporting documents in the light most favorable to the nonmoving party. *Richter*, 2016 IL 119518, ¶ 18. A section 2-619 motion admits the legal sufficiency of the complaint but asserts affirmative matter or other matter that avoids or defeats the claim (*Smith v. The Vanguard Group, Inc.*, 2019 IL 123264, ¶ 9) and presents a question of law, which we review *de novo* (*id.*; *Robinson v. Toyota Motor Credit Corp.*, 201 Ill. 2d 403, 411 (2002)).

¶ 9         On appeal, appellant argues that it sufficiently alleged a breach of fiduciary duty by the appellee in its third-party complaint. Specifically, appellant argues that appellee owed it a fiduciary duty as a result of special circumstances, that he breached this duty, and that the breach resulted in damages.

¶ 10        To state a claim for breach of fiduciary duty, it must be alleged and ultimately proved (1) that a fiduciary duty exists, (2) that the fiduciary duty was breached, and (3) that such breach proximately caused the injury of which the party complains. *Lawlor v. North American Corp. of Illinois*, 2012 IL 112530, ¶ 69 (citing *Neade v. Portes*, 193 Ill. 2d 433, 444 (2000)).

¶ 11        On appeal, appellant notes that Illinois law is devoid of caselaw addressing the issue here, whether an independent auditor owes a fiduciary duty to its client. However, it argues that, contrary to the appellee's and the trial court's position, *Resolution Trust Corp. v. KPMG Peat Marwick*, 844 F. Supp. 431 (N.D. Ill. 1994), should not be relied upon as persuasive authority. It urges that we should look to "other courts" instead who have held that auditors do owe a fiduciary duty to their clients.

¶ 12        Initially, appellee asserts that this issue has not been preserved for appellate review and is, therefore, waived because appellant did not allege or argue in the trial court that auditors owed a fiduciary duty to their clients and conceded that, generally, they did not. We will address the waiver argument first.

¶ 13        "Waiver arises from an affirmative act, is consensual, and consists of an intentional relinquishment of a known right." *Home Insurance Co. v. Cincinnati Insurance Co.*, 213 Ill. 2d 307, 326 (2004). Waiver may be either expressed or implied and arises from the acts, words, conduct, or knowledge of a party. *Id.* (citing *Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 156 Ill. 2d 384, 396 (1993)).

¶ 14        In the trial court, appellant made it clear in its third-party complaint, in its response to appellee's motion to dismiss, and during oral argument on the motion to dismiss that it was not asserting that there was a fiduciary relationship between an independent auditor and its client but instead that a fiduciary relationship was formed due to special circumstances. In its third-party complaint, appellant alleged that "Mr. Wong owes fiduciary duties to AHS as a result of special circumstances." Also, in its response to appellee's motion to dismiss, appellant argued,

"[s]tated simply, AHS has alleged facts sufficient to state a cause of action against Wong for breach of fiduciary duty." The law is clear that a fiduciary duty may arise by special circumstances where one party places trust and confidence in another. That is precisely what AHS has alleged here. Appellant argued that it was "not arguing that Mr. Wong became a fiduciary to AHS because he acted as an auditor." Furthermore, during oral argument on appellee's motion to dismiss, appellant stated, "[a]nd one thing I want to make clear is that we're not arguing that Mr. Wong became a fiduciary to AHS because he acted as an auditor. Now, clearly that would be the antecedent relationship and it makes his actions that much more strange, but that's not the basis." Based upon the foregoing, we find that appellant conceded this issue in the trial court. See *Wheeler v. Sunbelt Tool Co.*, 181 Ill. App. 3d 1088, 1098 (1989) (generally, where a party concedes an issue below, he cannot dispute the issue on appeal).

¶ 15    However, while an appellant who fails to raise an issue in the trial court waives that issue (*DOD Technologies v. Mesirow Insurance Services, Inc.*, 381 Ill. App. 3d 1042, 1050 (2008)), "the rule of waiver is a limitation on the parties and not the courts" (*Farmer v. Country Mutual Insurance Co.*, 365 Ill. App. 3d 1046, 1050 (2006)). We "can affirm the trial court on any basis that appears in the record." *Bowers v. State Farm Mutual Automobile Insurance Co.*, 403 Ill. App. 3d 173, 176 (2010).

¶ 16    Therefore, we will address the merits of appellant's appeal. Although there is no Illinois caselaw addressing this issue, we agree with the trial court that *Resolution Trust Corp.*, 844 F. Supp. 431, is persuasive and dispositive. The court in *Resolution Trust Corp.* held, as a matter of law, that generally an independent auditor does not owe a fiduciary duty to its client. *Id.* at 436. In that case, the court reasoned that "[t]he duty of a traditional fiduciary is to act 'in a representative capacity for another in dealing with the property of the other,' whereas an auditor acts 'independently, objectively and impartially, and with the skills which it represented to its clients that it possessed.' " *Id.* (quoting *Franklin Supply Co. v. Tolman*, 454 F.2d 1059, 1065 (9th Cir. 1971)). Analyzing caselaw from other jurisdictions, the court in *Resolution Trust Corp.* concluded that "[t]he reasoning of the above cases persuades the court that this view of the relationship between independent auditor and client comports with Illinois law." *Id.* Therefore, appellant's third-party complaint was properly dismissed as a matter of law.

¶ 17    Nevertheless, appellant argues that, notwithstanding the court's holding in *Resolution Trust Corp.* that an independent auditor generally does not owe a fiduciary duty to his client as a matter of law, it has sufficiently alleged special circumstances which create a fiduciary duty in this case.

¶ 18    A fiduciary duty by "special relationship" may arise where "one party places trust and confidence in another, thereby placing the latter party in a position of influence and superiority over the former." (Internal quotation marks omitted.) *Illinois State Bar Ass'n Mutual Insurance Co. v. Cavenagh*, 2012 IL App (1st) 111810, ¶ 32. The court in *Resolution Trust Corp.* noted that, although the general rule in Illinois is that an independent auditor does not owe its client a fiduciary duty, "[p]erhaps in some instances the function of an independent auditor could overlap into areas in which it would hold a fiduciary duty to its client"; however, plaintiff in that case failed to "assert any special circumstances in its briefs." *Resolution Trust Corp.*, 844 F. Supp. at 436.

¶ 19    In this case, even if we were to admit the legal sufficiency of the third-party complaint, the circumstances between the appellant and the appellee do not create a fiduciary duty.

- 4 -

Appellant's allegation that it trusted appellee because appellee acted as an independent auditor does not equate to exercising superiority over an entity that was subservient. Although *Tummelson v. White*, 2015 IL App (4th) 150151, a case cited by appellee, does not involve an independent auditor, the court's reasoning regarding what constitutes trust in this context is on point. "[T]rust and confidence are not enough to create a fiduciary relationship; *superiority and influence* must *result* from the trust and confidence." (Emphases in original.) *Id.* ¶ 22.

¶ 20 Furthermore, appellant's reliance upon *Khan v. Deutsche Bank AG*, 2012 IL 112219, in support of its position is misplaced, as that case is clearly distinguishable from the facts here. *Khan* involved allegations that accountants, among other things, advised plaintiffs that certain investment strategies could yield a substantial profit, legally minimized plaintiffs' federal and state income tax liability, orchestrated the implementation of the investment strategies, and provided the purported required legal opinion letters verifying that the investment strategies were completely legal and that plaintiffs relied on their trusted legal, accounting, and tax advisors for comprehensive legal, accounting, tax, and investment advice. *Id.* ¶ 48. The *Khan* court held that "these allegations adequately pleaded that the Deutsche defendants had superior knowledge and influence over Khan and that he relied on them to give him sound investment and tax advice"; therefore, plaintiffs had sufficiently alleged facts to survive a motion to dismiss premised on section 2-615. *Id.* ¶ 60.

¶ 21 In this case, appellee did not provide appellant with investment and/or tax advice or maintain any superior influence over the appellant. Appellee provided independent, objective and impartial auditing, which did not create a fiduciary duty to appellant as a result of special circumstances. See *Resolution Trust Corp.*, 844 F. Supp. at 436.

¶ 22 Appellant also alleged—without citing to any caselaw in support of its position—that appellee's role in the hiring process for chief financial officer created a special relationship. Appellee argues that courts in other jurisdictions have rejected this argument and cites *Friedman v. Anderson*, 803 N.Y.S.2d 514 (App. Div. 2005), in which the court held that plaintiff's claim that defendant, an accountant, negligently recommended a money manager to plaintiff did not create a fiduciary duty to plaintiff. That case is instructive. In this case, appellant's allegations regarding appellee's role in the hiring process does not show superiority or dominance over the hiring process. See *Martin v. State Farm Mutual Automobile Insurance Co.*, 348 Ill. App. 3d 846, 852 (2004) ("plaintiffs' conclusory allegations, even when viewed in the light most favorable to plaintiffs, do not give rise to an inference of the significant dominance and superiority necessary to establish a fiduciary relationship").

¶ 23 In fact, appellant's third-party complaint alleged that "the qualified CFO candidates" would be "presented to AHS's Chief Executive Officer for further interviews and a final decision." Ultimately, it was appellant's decision to hire whomever it chose to. Therefore, we find no reason to reverse the trial court's dismissal of appellant's third-party complaint.

¶ 24 For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 25 Affirmed.